1  DAVID J. MERRILL
   Nevada Bar No. 6060
2  MORGAN F. SHAH
   Nevada Bar No. 12490
3  DAVID J. MERRILL, P.C.
   10161 Park Run Drive, Suite 150
4  Las Vegas, Nevada  89145
   Telephone: (702) 566-1935
5  Facsimile: (702) 993-8841
   E-mail: david@djmerrillpc.com
6  Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an Individual, | ) ) ) |
| Plaintiff, | ) Case No.:  2:12-cv-00328-GMN-(CWH) ) ) |
| vs. | ) ) |
| WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; and DOES 1-10, inclusive, | ) ) ) ) ) |
| Defendants. | ) ) |

**WELLS FARGO BANK, N.A.'S MOTION TO DISMISS AND EXPUNGE LIS PENDENS**

Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB ("Wells Fargo" moves this court for an order: (1) dismissing the plaintiff's, Dimitritza Toromanova ("Toromanova"), Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); and (2) expunging the *lis pendens*.  Wells Fargo bases this motion on the following memorandum of points and authorities, the papers on file with this Court, including the Complaint, any documents incorporated by reference or attached to the Complaint, recorded

1

documents which the Court may take judicial notice of, and any oral argument that this Court may entertain.

DATED this 7th day of March 2012.

DAVID J. MERRILL, P.C.

By: /s/ David J. Merrill
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  INTRODUCTION

Toromanova commenced this action by the filing of a complaint in state court on February 10, 2012. However, Toromanova's complaint does not contain a single claim upon which relief can be granted. In addition, Toromanova filed another complaint on the same subject matter, which this Court previously dismissed. Accordingly, Wells Fargo respectfully requests that this Court grant its Motion and enter an order dismissing Toromanova's claims with prejudice and expunging the *lis pendens*.

### II.  STATEMENT OF FACTS

The property involved in this action is located at 2912 Hot Cider Avenue, North Las Vegas, Nevada 89031 (the "Property"). In March 2006, Toromanova executed an Adjustable Rate Mortgage Note Pick-A-Payment Loan (the "Note") and Deed of Trust in favor of World Savings Bank, FSB ("World Savings") for $288,000.[1] The lender and beneficiary of the Deed of Trust was World Savings.[2]

---

[1] *See* Deed of Trust (Doc.1-2 at 17), attached to the Petition for Removal (the "Petition") as Exhibit A; *see also* Note (Doc. 5-1), attached to Wells Fargo Bank, N.A.'s Opposition to Plaintiff's Motion for Preliminary Injunction (the "Opp. to Mot. for Prelim. Inj.") as Exhibit 1.

[2] *See* Deed of Trust at 1.

2

On or about December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB ("Wachovia Mortgage").[3] Effective November 1, 2009, Wachovia Mortgage merged with and into Wells Fargo Bank, N.A. and is now known as Wachovia Mortgage, a Division of Wells Fargo Bank, N.A.[4] Wachovia Mortgage (and its predecessor, World Savings) was a federal savings bank regulated by the Office of Thrift Supervision ("OTS").[5]

On August 27, 2010, a Notice of Default and Election to Sell Under Deed of Trustee (the "Notice of Default") was recorded.[7] At that time, Toromanova was $25,840.85 in arrears.[8] Toromanova failed to cure the default and did not elect to participate in the Nevada Foreclosure Mediation Program.[9] Consequently, a Notice of Trustee's Sale was recorded on January 26, 2011.[10] The trustee's sale was scheduled to take place on February 16, 2011.[11] However, on February 14, 2011 Toromanova recorded a Notice of Lis Pendens.[12] The Court dismissed Toromanova's complaint and released the *lis pendens* in an order dated August 17, 2011. Accordingly, another Notice of Trustee's Sale was recorded on September 1, 2011 and a sale

---

[3] *See* Federal Deposit Insurance Corporation notice and history of World Savings Bank's name change to Wachovia Mortgage (Doc. 5-2), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 2. Wells Fargo respectfully requests that the Court take judicial notice of the notice and history of World Savings Bank's name change to Wachovia Mortgage, as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2 (N.D.Cal. May 17, 2011).

[4] *See* Official Certification of the Comptroller of the Currency regarding merger (Doc. 5-3), a copy of which is attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 3. Wells Fargo respectfully requests that the Court take judicial notice of the Official Certificate of the Comptroller of the Currency as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2.

[5] *See* Charter of Wachovia Mortgage (Doc. 5-4), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 4. Wells Fargo respectfully requests that the Court take judicial notice of the Charter of Wachovia Mortgage as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2.

[7] *See* Notice of Default (Doc. 1-2 at 33), attached to the Petition as Exhibit A.

[8] *Id.*

[9] *See* Mediation Certificate (Doc. 5-5), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 5.

[10] *See* Notice of Trustee's Sale (Doc. 5-6), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 6.

[11] *Id.*

[12] *See* Notice of Lis Pendens (Doc. 5-7), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 7.

was scheduled for October 3, 2011.[13] A Trustee's Deed Upon Sale was recorded on October 11, 2011.[14]

Toromanova filed her Complaint and Motion for Preliminary Injunction in state court on February 10, 2012.[15] The state court did not take any action regarding the Motion for Preliminary Injunction.[16] Wells Fargo removed the action to this Court on February 29, 2012.[17]

### III.  ARGUMENT

#### A.  Rule 12(b)(6) Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.[18] To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."[19]

While a court considering a motion to dismiss must accept as true the allegations of the complaint in question,[20] must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor,[21] the allegations must be factual in nature.[22] Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[23]

---

[13]  *See* Notice of Trustee's Sale (Doc. 1-2 at 36), attached to the Petition as Exhibit A.

[14]  *See* Trustee's Deed Upon Sale (Doc. 5-8), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 8.

[15]  *See generally* Compl. (Doc. 1-2); *see also* Mot. for Prelim. Inj. (Doc. 4-3 at 6).

[16]  *See* State Court Docket (Doc. 5-9), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 9.

[17]  *See generally* Petition.

[18]  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

[19]  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[20]  *Hosp. Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976).

[21]  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

[22]  *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

[23]  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

4

The Ninth Circuit follows the methodological approach set forth in *Iqbal* for the assessment of the Complaint:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[24]

A district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are 'matters of public record' of which the court may take judicial notice pursuant to Federal Rule of Evidence 201.[25]

### B.     Toromanova's claims are barred by *res judicata*.

On December 17, 2010, Toromanova filed her first complaint against Wells Fargo, and others, concerning the subject property with this Court.[26] Toromanova's complaint did not contain a discernable cause of action.[27] Upon Wells Fargo's motion, this Court entered an order dismissing the complaint and expunging the *lis pendens* on August 17, 2011.[28] Accordingly, the Court should dismiss this action since it is barred by the doctrine of *res judicata*.[29]

### C.     Toromanova fails to state a claim upon which relief can be granted.

#### 1.     Toromanova lacks standing to challenge the foreclosure as she has failed to tender the amount due on the Note.

Though inartfully pled, Toromanova appears to plead an action for wrongful foreclosure in her causes of action labeled "unlawful taking of property" and "trespassing," as Toromanova cites Nevada's foreclosure statutes at length and alleges that the defendants have interfered with

---

[24]    *Moss v. U.S. Secret Service,* 572 F.3d 962, 970 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950).

[25]    *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2005).

[26]    *See* Quo Warranto Complaint (Doc. 1), Case No. 2:10-cv-02193-PMP-(GWF).

[27]    *Id.*

[28]    *See* Order (Doc. 21), Case No. 2:10-cv-02193-PMP-(GWF).

[29]    *See Huggins v. Bank Deutsche Nat'l Tr Co Trs*, 2011 WL 2976818, *2 (D. Nev. Jul. 21, 2011) ("Fed. R. Civ. P. 41(b) provides that any dismissal, except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as a final judgment on the merits").

5

her "possessory interest" in the Property.[30] However, Toromanova lacks standing to challenge the foreclosure of the Property because she failed to tender payment when due.[31] To contest the validity of a foreclosure action, the borrower must tender the undisputed amount due and payable to the lender on the secured debt.[32] Notably, the "tender rule" applies to any cause of action regarding irregularities in the sales procedure.[33] Should a defaulted borrower seek equitable judicial relief, the borrower must first "do equity" himself.[34] "The essential requisites of tender are:  (1) An unconditional offer to perform, coupled with a manifested ability to carry out the offer; (2) A production of the subject matter of the contract; (3) The property tendered must not be less than what is due; and (4) If greater, there must be no demand for a return of the excess."[35] Importantly, courts enforce the tender rule strictly and have denied relief even when financial hardship prevents a borrower from tendering payment.[36]

In this case, Toromanova does not allege that she paid the amount due on her loan, nor does she indicate that she is even willing to do so.  In fact, Toromanova alleges in her complaint that she stopped making payments in April 2009.[37] Further, Toromanova has provided no evidence demonstrating that she made any payments since that date.  Accordingly, the Court should rebuff Toromanova's absurd attempt to seek equitable relief in her favor in the absence of tender.

---

[30]    *See* Compl. ¶¶ 24-27, 35.

[31]    *See Collins v. Union Fed. Savings and Loan Ass'n,* 662 P.2d 610, 623 (Nev. 1983); *see also FPCI RE-HAB*, 255 Cal. Rptr. at 157.

[32]    *See Abdallah v. United Sav. Bank*, 51 Cal. Rptr. 2d 286, 292 (Cal. Ct. App. 1996).

[33]    *Id.*

[34]    *See NOLM, LLC v. County of Clark*, 100 P.3d 658, 663 (Nev. 1987).

[35]    *Guy F. Atkinson co. v. Commissioner of IRS*, 814 F.2d 1388, 1393 (9th Cir. 1987).

[36]    *See Karlsen v. Am. Sav .& Loan Ass'n*, 92 Cal. Rptr. 851, 854–55 (Cal. Ct. App. 1971); *see also Kraemer v. Kraemer*, 382 P.2d 394, 396 (Nev. 1963) (denying recovery of property despite evidence of fraud and procedural irregularities because plaintiff could not afford to redeem the property); *Hill v. Filsoof*, 618 S.E.2d 12, 14 (Ga. Ct. App. 2005) ("[n]either fraud nor poverty constitute an equitable excuse for failure to tender").

[37]    *See* Compl. ¶ 10.

### 2. As the holder of the Note and beneficiary of the Deed of Trust, Wells Fargo is entitled to foreclose on the Property.

Toromanova's complaint relies primarily on the underlying theory that Wells Fargo and National Default Servicing Corporation did not have a right to foreclose on the Property. In particular, Toromanova's complaint concludes that her rights to the subject property "have been unlawfully taken by actors who are NOT Beneficiaries, who are NOT lawfully assigned Trustees, who are NOT Note Holders and who are NOT Lenders to Plaintiff."[38] Toromanova reaches this conclusion by claiming that Wells Fargo did not identify the Beneficiary and Wells Fargo did not produce the original Note on demand.[39] Consequently, Toromanova's argument relies upon the assumption that Wells Fargo is a stranger to the transaction. However, this is not the case.

Here, the beneficiary of the Deed of Trust is identified in the trust document as "Lender," and "Lender" is defined as "World Savings Bank, FSB."[40] While it is true that the original "Lender," World Savings Bank, FSB, no longer exists, the documents attached as Exhibits 2-4 show that World Savings Bank, FSB underwent a series of duly noticed and officially acknowledged name changes, via merger, name change or acquisition, to become Wachovia Mortgage, a division of Wells Fargo Bank, N.A. As the successor in interest to World Savings Bank, FSB, Wells Fargo is the beneficiary entitled to foreclose upon the property. Therefore, Wells Fargo has the right to foreclose upon the Property in satisfaction of the Note.

### 3. Toromanova fails to plead fraud or racketeering with particularity.

To state a claim for fraud, the complaint must include allegations to support each of the following elements: (1) defendant made a false misrepresentation of material fact; (2) defendant knew or believed the representation is false (or had an insufficient basis for making the representation); (3) defendant intended to induce the plaintiff to act or to refrain from acting in

---

[38]   *Id.* at ¶ 30.

[39]   *Id.* at ¶ 27-29.

[40]   *See* Deed of Trust at 1-2.

7

reliance upon the misrepresentation; (4) plaintiff justifiably relied upon the misrepresentation; and (5) plaintiff was damaged from such reliance.[41]

Fed. R. Civ. P. 9(b) mandates that the circumstances constituting the alleged fraud must be "specific enough to give defendant notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."[42] "The plaintiff must set forth what is false or misleading about a statement, and why it is false."[43] Stated differently, the complaint must identify the "who, what, when, where, and how" of the fraud.[44] When alleging fraud against multiple defendants, the complaint must plead fraud with particularity as to each defendant.[45] "Rule 9(b) does not allow a complaint to merely lump multiple defendants together."[46]

Here, Toromanova fails to allege fraud with particularity. Specifically, Toromanova's fraud claim consists of a single paragraph in which she alleges

> Defendants represented to Plaintiff that they are the agent of a note holder, that they were beneficiaries and/or lenders, that they had the right to conduct a foreclosure proceeding and that all documents necessary to obtain such right were in their possession. This representation was, and is, false. Defendants knew this representation to be false but intended that Plaintiff rely upon such representation to relinquish her Property rights and remove herself, or allow herself to be removed, from the Land. Plaintiff, prior to discovery of the fraud, believed Defendants were who they claimed to be and Plaintiff's right to her Property have been interested with causing irreparable harm to her.[47]

---

[41]  *See Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 957–58 (Nev. 1998) (citing *Bulbman Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992)).

[42]  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

[43]  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

[44]  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

[45]  *Goodwin v. Exec. Trustee Servs., LLC*, 680 F. Supp. 2d 1244 (D. Nev. 2010).

[46]  *Swartz*, 476 F.3d at 764.

[47]  *See* Compl. ¶ 38.

8

Toromanova fails to identify the "who, what, when, where, and how" of the fraud. Moreover, Toromanova does not allege fraud with particularity as to each of the defendants. Such general and conclusory allegations cannot support a claim for fraud. Further, Toromanova alleges elsewhere in her complaint that she "has not removed herself from the Land" and even lists the address for the subject property as her present address in the caption of her complaint.[48] Therefore, it is difficult to understand how Toromanova can claim that she relied upon the defendants' alleged misrepresentations to her detriment. In addition, Toromanova's claim relies on the false assumption that Wells Fargo did not have a right to foreclose. However, as set forth above, this is not the case. Accordingly, Toromanova's claim for fraud fails as a matter of law.

To maintain a cause of action for racketeering under NRS 207.470, a plaintiff must plead facts establishing that the: (1) defendant violated a predicate racketeering act; (2) plaintiff suffered injury in her business or property by reason of defendant's violation of the predicate racketeering act; (3) defendant's violation proximately caused plaintiff's injury; and (4) plaintiff did not participate in the racketeering violation.[49] Additionally, a plaintiff must plead racketeering with specificity.[50] To meet the specificity requirements, the complaint must allege at least two predicate crimes related to racketeering.[51] "Such crimes include murder, manslaughter, mayhem, certain batteries, kidnapping, sexual assault, arson, robbery, extortion, seduction, forgery, burglary, grand larceny, bribery, assault with a deadly weapon, certain frauds, etc."[52]

Here, Toromanova fails to plead racketeering with specificity. Most notably, Toromanova fails to allege at least two predicate crimes related to racketeering. Instead, she alleges that "the 'Syndicate,' on or about October 13, 2011, by each Defendant cooperating with

---

[48] *Id.* at ¶ 16.

[49] NRS 207.470; NRS 207.400; *Allum v. Valley Bank of Nev.*, 849 P.2d 297, 299 (Nev. 1993).

[50] *Sedlmayr v. Mortgage Lenders Network USA, Inc.*, 2011 WL 2669482, *3 (D. Nev. July 7, 2011) (citing *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988)).

[51] *Id.*

[52] *Vega v. Sierra Pac. Mortg. Co., Inc.*, 2011 WL 4041665, *1 (D. Nev. Sept. 8, 2011) (citing NRS 207.360).

9

one another, contrived the act leading to the issuance of a bogus trustee's deed, thereby committing the final unlawful act to de-seisin Plaintiff of her fee simple Property Rights."[53] However, Toromanova cannot establish a claim for racketeering by re-alleging wrongful foreclosure under a different heading.  Even if wrongful foreclosure could serve as a basis for racketeering, Toromanova does not allege a second predicate crime.  Furthermore, Toromanova does not link the alleged racketeering activity to any injury.  At most, Toromanova alleges that she was injured to the extent that her purported title to the property is clouded.  As previously noted, however, Toromanova remains on the Property and has suffered no injury as the result of Wells Fargo's lawful foreclosure.  Like the rest of her complaint, Toromanova's claim for racketeering relies on the false assumption that Wells Fargo did not have a right to foreclose. Accordingly, Toromanova's claim for racketeering fails as a matter of law.

### D.    The *Lis Pendens* Must be Released if the Action is Dismissed.

Although a *lis pendens* is proper in any action "affecting the title or possession of real property,"[54] it must be cancelled when the court dismisses the action.[55]  Here, because dismissal of the Complaint is warranted, Toromanova no longer has an action "affecting the title or possession of real property."[56]  Moreover, Toromanova has not alleged that she can perform "any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property."[57]  Therefore, the Court should order release of the *lis pendens*.

---

[53]    *See* Compl. ¶ 44.

[54]    NRS 14.010(1).

[55]    *See Garcia v. America's Servicing Co.,* 2010 WL 3081485 at *2 (D. Nev. Aug. 5, 2010) (citing *Lee v. Duncan,* 870 A.2d 1 (2005); *Vance v. Lomas Mortg. USA, Inc.,* 426 S.E.2d 873 (1973)).

[56]    NRS 14.010(1).

[57]    NRS 14.015(2)(c).

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court grant its Motion and enter an order dismissing Toromanova's claims with prejudice and expunging the *lis pendens*.

DATED this 7th day of March 2012.

DAVID J. MERRILL, P.C.

By: _____
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 7th day of March 2012, service of the foregoing Motion to Dismiss and to Expunge Lis Pendens was made to all counsel in the action through the Court's CM/ECF system.  In addition, service was made to the plaintiff by placing a copy in the United States Mail, postage prepaid and addressed to the following at her last known address:

Dimitritza Toromanova
2912 Hot Cider Avenue
North Las Vegas, Nevada  89031

National Default Servicing Corp.
7720 N. 16th Street, Suite 300
Phoenix, AZ  85020

_____
An employee of David J. Merrill, P.C.