DAVID J. MERRILL
Nevada Bar No. 6060
MORGAN F. SHAH
Nevada Bar No. 12490
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada  89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com
Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an Individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 2:12-cv-00328-GMN-(CWH) |

**REPLY IN SUPPORT OF WELLS FARGO BANK, N.A.'S MOTION TO DISMISS AND EXPUNGE LIS PENDENS**

**I. INTRODUCTION**

On March 7, 2012, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed its Motion to Dismiss and to Expunge Lis Pendens (the "Motion") (Doc. 7). On March 20, 2012, Defendant National Default Servicing Corporation ("NDSC") filed its Joinder to the Motion (the "Joinder") (Doc. 11). On March 21, 2012, the plaintiff, Dimitritza Toromanova ("Toromanova"), filed her

1

Opposition to Defendants (sic.) Motion to Dismiss (the "Opposition") (Doc. 12).  The Motion and the Joinder argue that Toromanova's claims fail as a matter of law because they are time-barred and/or fail to state a claim upon which relief can be granted.  The Opposition is a wholly inadequate response to Wells Fargo's arguments, and, even under the most liberal construction, the Complaint fails to state a claim upon which relief can be granted.  Accordingly, Wells Fargo respectfully requests that the Court dismiss Toromanova's claims with prejudice

## II.  ARGUMENT

### A.  Toromanova's claims are barred by *res judicata.*

Although Toromanova maintains that the claims alleged in this action were not previously litigated, Toromanova cannot deny that her previous complaint was on the same subject matter and against the same parties.  On December 17, 2010, Toromanova filed her first complaint against Wells Fargo, and others, concerning the subject property with this Court.[1]  Although Toromanova's complaint did not contain a discernable cause of action, the ostensible purpose of the complaint was to interfere with Wells Fargo's rights under the Note.[2]  Upon Wells Fargo's motion, this Court entered an order dismissing the complaint and expunging the *lis pendens* on August 17, 2011.[3]  Contrary to Toromanova's assertions, the fact that Toromanova did not appeal the Court's decision to dismiss her prior complaint does not render *res judicata* inapplicable.  Accordingly, the Court should dismiss this action since it is barred by the doctrine of *res judicata*.[4]

### B.  Toromanova fails to oppose the Motion as to her claim for fraud.

Pursuant to Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

---

[1] *See* Quo Warranto Complaint (Doc. 1), Case No. 2:10-cv-02193-PMP-(GWF).

[2] *Id.*

[3] *See* Order (Doc. 21), Case No. 2:10-cv-02193-PMP-(GWF).

[4] *See Huggins v. Bank Deutsche Nat'l Tr Co Trs*, 2011 WL 2976818, *2 (D. Nev. Jul. 21, 2011) ("Fed. R. Civ. P. 41(b) provides that any dismissal, except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as a final judgment on the merits").

Here, Toromanova fails to present points and authorities in opposition to Wells Fargo's arguments regarding her failure to state a claim for fraud.[5] Consequently, Toromanova consents to the Court granting the Motion with regard to her fraud claim. In addition, as set forth in NDSC's Joinder, the statute of limitations for Toromanova's fraud claim has run.[6] Therefore, the Court should dismiss Toromanova's claim for fraud.

  **C.** **Toromanova fails to state a claim upon which relief can be granted.**

    **1.** **As the holder of the Note and beneficiary of the Deed of Trust, Wells Fargo is entitled to enforce the Note and to foreclose on the Property.**

Toromanova argues the tender rule does not apply to this case because she is challenging the validity of the debt based on her theory that Wells Fargo is not the holder of the Note.[7] Likewise, Toromanova asserts that there is a broken chain of title rendering the Trustee's Deed Upon Sale invalid because Wells Fargo is not named in the Deed of Trust. However, Toromanova's repeated claims that Wells Fargo is a stranger to the loan are unfounded. As set forth in the Motion, World Savings Bank, FSB underwent a series of duly noticed and officially acknowledged name changes, via merger, name change or acquisition, to become Wachovia Mortgage, a division of Wells Fargo Bank, N.A.[8] As the successor in interest to World Savings Bank, FSB, Wells Fargo is the beneficiary of the Deed of Trust and the holder of the Note. Toromanova observes that the Note "has never been endorsed or assigned, even in blank, to anyone."[9] Indeed, there is no indication of an endorsement or assignment because the Note *was never assigned*. Toromanova also argues that there is "a gap in the assignments of Plaintiff's mortgage" based on her chart of recorded documents.[10] However, Toromanova's self-created exhibit is not judicially noticeable and, therefore, not properly considered on a motion to

---

[5]   *See generally* Opp.

[6]   *See* Joinder, 1:23-27; *see also* NRS 11.190(3)(d).

[7]   *See* Opp. at 8:1-3.

[8]   *See* Mot. 3:1-5, 7:11-18.

[9]   *See* Opp. at 2:12.

[10]   *Id.* at 3:25.

3

dismiss.[11]  Even assuming for the sake of argument that Toromanova's chart accurately reflects the Clark County Recorder's records, Toromanova fails to provide the recorded documents she claims affect Wells Fargo's right to foreclose or to cite any authority for the proposition that Wells Fargo's rights are affected by those recorded documents.  Notwithstanding, as set forth above and in the Motion, the Note remained with the loan originator and no assignment was ever made.  In fact, the deed of trust in favor of Bank of America that Toromanova claims is an assignment of the Note and Deed of Trust[12] is actually a junior lien upon the Property securing a home equity line of credit.[13]  Accordingly, Toromanova's assertion that Wells Fargo is not the holder of the Note and, therefore, not entitled to payment is unavailing.  In addition, as set forth in NDSC's Joinder, the statute of limitations for a cause of action seeking rescission of a foreclosure sale has run.[14]  Therefore, Toromanova's claim for wrongful foreclosure fails as a matter of law.

### 2. Toromanova fails to plead racketeering with particularity.

Toromanova argues that she does not need to show that she detrimentally relied on the defendants alleged misrepresentations to maintain a cause of action under RICO.  However, Toromanova's assertion fails to address the glaring deficiencies in her complaint.  As set forth in the Motion, Toromanova fails to allege racketeering with particularity or to allege an injury resulting from the alleged racketeering activities.[15]  To meet the specificity requirements, the complaint must allege at least two predicate crimes related to racketeering.[16]  Toromanova's complaint does not, and cannot, meet this standard, as she relies solely on her allegations of wrongful foreclosure and her false assumption that Wells Fargo did not have a right to foreclose.  Accordingly, Toromanova's claim for racketeering fails as a matter of law.

---

[11]  See Fed. R. Evid. 201(b).

[12]  See Opp. at 3:21-24.

[13]  See Deed of Trust dated September 22, 2006, attached hereto as Exhibit A.

[14]  See Joinder at 2:4-7; see also NRS 107.080(5)(b).

[15]  See Mot. at 9:20-10:11.

[16]  *Sedlmayr v. Mortgage Lenders Network USA, Inc.*, 2011 WL 2669482, *3 (D. Nev. July 7, 2011) (citing *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988)).

4

**D.     The *Lis Pendens* Must be Released if the Action is Dismissed.**

Although a *lis pendens* is proper in any action "affecting the title or possession of real property,"[17] it must be cancelled when the court dismisses the action.[18]  Here, because dismissal of the Complaint is warranted, Toromanova no longer has an action "affecting the title or possession of real property."[19]  Moreover, Toromanova has not alleged that she can perform "any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property."[20]  Therefore, the Court should order release of the *lis pendens*.

### III.  CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court grant its Motion and enter an order dismissing Toromanova's claims with prejudice and expunging the *lis pendens*.

DATED this 2nd day of April 2012.

DAVID J. MERRILL, P.C.

By: /s/ David J. Merrill
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

---

[17] NRS 14.010(1).

[18] *See Garcia v. America's Servicing Co.,* 2010 WL 3081485 at *2 (D. Nev. Aug. 5, 2010) (citing *Lee v. Duncan,* 870 A.2d 1 (2005); *Vance v. Lomas Mortg. USA, Inc.,* 426 S.E.2d 873 (1973)).

[19] NRS 14.010(1).

[20] NRS 14.015(2)(c).

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 2nd day of April 2012, service of the foregoing Reply in Support of Wells Fargo Bank, N.A.'s Motion to Dismiss and to Expunge Lis Pendens was made to all counsel in the action through the Court's CM/ECF system. In addition, service was made to the plaintiff by placing a copy in the United States Mail, postage prepaid and addressed to the following at her last known address:

Dimitritza Toromanova
2912 Hot Cider Avenue
North Las Vegas, Nevada  89031

_____
An employee of David J. Merrill, P.C.

6