GREGORY L. WILDE, ESQ.  
Nevada Bar No. 4417  
**TIFFANY & BOSCO, P.A.**  
212 S. Jones Blvd.  
Las Vegas, NV 89107  
Tel: (702) 258-8200  
Fax: (702) 258-8787  
Attorneys for Defendant  
National Default Servicing Corporation  

E-filed on April 13, 2012

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an individual<br><br>Plaintiff,<br><br>-vs-<br><br>WELLS FARGO BANK, NA., WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; and DOES 1-10, inclusive.<br><br>Defendants. | Case No.: 2:12-cv-00328-GMN-CWH<br><br>**REPLY IN SUPPORT OF JOINDER TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS AND EXPUNGE LIS PENDENS** |

Defendant National Default Servicing Corporation ("NDSC"), through its counsel Gregory L. Wilde of the law firm of Tiffany & Bosco, P.A., submits this reply in support of joinder to Defendant Wells Fargo Bank, N.A.'s motion to dismiss and expunge lis pendens and states as follows:

**A.  NDSC's joinder to Wells Fargo's motion is proper.**

Plaintiff cites the unpublished case of *Liveops, Inc. v. Teleo, Inc.*, 2006 WL 83058 at n.2 (N.D. Cal. 2006) for her proposition that NDSC's joinder was untimely and should be denied. Plaintiff's cited case is no applicable here.  In *Liveops*, the question was how should a Court treat additional material in a joinder to a motion to dismiss where the joinder is filed too close in

- 1 -

time to a scheduled hearing on the motion to dismiss.[1] Here, there is no hearing set on Wells Fargo's motion to dismiss, in which NDSC joined. Plaintiff has opportunity to respond to both the motion to dismiss and to the brief additional materials NDSC added into its joinder.

Additionally, in *Liveops*, the Court did not strike the entire joinder at issue. Instead, the Court allowed the joinder in the motion to dismiss and only struck those additional items that the non-moving party did not have adequate notice of prior to hearing on the motion. In this case, Plaintiff has had more than adequate opportunity to respond to the motion to dismiss. NDSC's joinder in the motion to dismiss is appropriately filed and should be allowed to stand.

**B.    NDSC has answered or otherwise plead in response to Plaintiff's complaint.**

Fed. R. of Civ. Proc. 55(a) does not allow default to be entered against a party unless it "fails to plead or otherwise defend and that failure is shown by affidavit or otherwise…." While NDSC may or may not have plead or otherwise defended a few days later than the Federal Rules of Civil Procedure provide for, nonetheless, NDSC has appeared and indicated its intent to defend this case. Therefore, NDSC is not subject to default.

The official comments to Fed. R. of Civ. Proc. 55 demonstrates that NDSC's joinder is an appropriate appearance showing an intent to defend.

> "Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend 'as provided by these rules.' The implication from the reference to defending 'as provided by these rules' seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Courts in fact have rejected that implication. Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule. '[A]s provided by these rules' is deleted to reflect Rule 55(a)'s actual meaning."[2]

---

[1] *See Liveops, Inc. v. Teleo, Inc.*, 2006 WL 83058, 2006 U.S. Dist. LEXIS 2574 (N.D. Cal. 2006).
[2] *See* Fed. R. of Civ. Proc. 55.

- 2 -

TIFFANY & BOSCO, P.A.
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel 258-8200 Fax 258-8787

NDSC's joinder, and any additional material therein, have not prejudiced Plaintiff in any way. Plaintiff has had adequate opportunity to respond to Wells Fargo's motion o dismiss and therefore to NDSC's joinder. Plaintiff has had adequate opportunity to respond to the brief additional material contained in NDSC's joinder to the motion to dismiss.

**C.    Plaintiff's improperly requests judgment against NDSC.**

In her opposition, Plaintiff improperly requests that default and judgment be entered against NDSC. Plaintiff's requests violate Fed. R. of Civ. Proc. 55. As described above, Fed. R. of Civ. Proc. 55 prevents entry of default where a party takes an action showing an intent to defend. "'Otherwise defend' refers to a motion challenging such matters as service, venue, or the sufficiency of a pleading."[3] Entry of default is a harsh result and default should only be entered where exceptional circumstances exist. There is a strong policy supporting deciding cases on their merits rather than on default.[4] Here, NDSC has appeared, has joined in the motion to dismiss, and has further shown its intent to defend by adding additional material to its joinder. Indeed, this reply further demonstrates NDSC's intent to defend. NDSC respectfully requests that this Court deny Plaintiff's requested relief.[5]

/ / /

/ / /

/ / /

/ / /

---

[3] *See Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513-514 (D.V.I. 2001) *(citing Wright, Miller & Kane*, 10A Federal Practice and Procedure § 2682, at 16-17 (3d ed. 1998)).

[4] *See* e.g. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-1317 (11th Cir. Ala. 2002) (entry of default inappropriate where defendant participates in removal of action to federal court and where defendant files a motion to dismiss, even when that motion to dismiss is late filed by a few days).

[5] While Plaintiff's reply be viewed as some a counter-motion, NDSC also believes that her request for relief violates both the requirements of Fed. R. of Civ. Proc. 7 and LR 7-2's requirements that requests for orders be by motion. NDSC also submits that Plaintiff's request for default violates the requirement of Fed. R. of Civ. Proc. 55 that require a showing that a party has failed to plead or otherwise defend by affidavit.

- 3 -

**D.     Conclusion.**

Plaintiff respectfully requests that this Court grant the motion to dismiss in full and that it deny Plaintiff's requests for relief contained in her opposition to NDSC's joinder.

DATED this 13th day of April, 2011.

                                **TIFFANY & BOSCO, P.A.**

                                /s/ Gregory L. Wilde, Esq.
                              GREGORY L. WILDE, ESQ.
                              Nevada Bar No. 4417
                              212 S. Jones Blvd.
                              Las Vegas NV 89107
                              Attorneys for Defendant
                              National Default Servicing Corporation

**TIFFANY & BOSCO, P.A.**
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel 258-8200 Fax 258-8787

**CERTIFICATE OF SERVICE**

On April 13th, 2011, I served the foregoing document: **REPLY IN SUPPORT OF JOPINDER TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS AND EXPUNGE LIS PENDENS** on the following individual by depositing true copies thereof in the United States first class mail at Las Vegas, Nevada, enclosed in a sealed envelope, with postage paid, addressed as follows:

Dimitritza Toromanova
2912 Hot Cider Ave
Las Vegas, NV 89031
Plaintiff in pro per

                /s/ Amy McConnell_____
                An employee of Tiffany & Bosco, P.A.

**TIFFANY & BOSCO, P.A.**
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel 258-8200 Fax 258-8787