DAVID J. MERRILL
Nevada Bar No. 6060
MORGAN F. SHAH
Nevada Bar No. 12490
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada  89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com
Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an Individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; NATIONAL DEFAULT SERVICING CORP; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:12-cv-00328-GMN-(CWH) |

**OPPOSITION TO EX PARTE APPLICATION FOR STAY OF ENFORCEMENT OF TEMPORARY WRIT OF RESTITUTION IN UNLAWFUL DETAINER ACTION AND PRELIMINARY INJUNCTION**

**I.  INTRODUCTION**

On June 4, 2012, the plaintiff, Dimitritza Toromanova ("Toromanova"), filed an Ex Parte Application for Stay of Enforcement of Temporary Writ of Restitution in Unlawful Detainer Action and Preliminary Injunction (the "Application") (Docs. 18 and 19) seeking relief from a Writ of Restitution issued by the Justice Court in connection with an unlawful detainer action. However, this Court does not have authority to review or alter the Justice Court's decisions. Moreover, as was the case with her first request for injunctive relief in this matter, Toromanova is not entitled to a temporary restraining order, preliminary injunction, or "stay of enforcement." Accordingly, the Court should deny the Application.

1

## II. STATEMENT OF FACTS

The property involved in this action is located at 2912 Hot Cider Avenue, North Las Vegas, Nevada 89031 (the "Property"). In March 2006, Toromanova executed an Adjustable Rate Mortgage Note Pick-A-Payment Loan (the "Note") and Deed of Trust in favor of World Savings Bank, FSB ("World Savings") for $288,000.[1] The lender and beneficiary of the Deed of Trust was World Savings.[2]

On or about December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB ("Wachovia Mortgage").[3] Effective November 1, 2009, Wachovia Mortgage merged with and into Wells Fargo Bank, N.A. and is now known as Wachovia Mortgage, a Division of Wells Fargo Bank, N.A.[4] Wachovia Mortgage (and its predecessor, World Savings) was a federal savings bank regulated by the Office of Thrift Supervision ("OTS").[5]

On August 27, 2010, a Notice of Default and Election to Sell Under Deed of Trustee (the "Notice of Default") was recorded.[6] At that time, Toromanova was $25,840.85 in arrears.[7]

---

[1] *See* Deed of Trust (Doc.1-2 at 17), attached to the Petition for Removal (the "Petition") as Exhibit A; *see also* Note (Doc. 5-1), attached to Wells Fargo Bank, N.A.'s Opposition to Plaintiff's Motion for Preliminary Injunction (the "Opp. to Mot. for Prelim. Inj.") as Exhibit 1.

[2] *See* Deed of Trust at 1.

[3] *See* Federal Deposit Insurance Corporation notice and history of World Savings Bank's name change to Wachovia Mortgage (Doc. 5-2), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 2. Wells Fargo respectfully requests that the Court take judicial notice of the notice and history of World Savings Bank's name change to Wachovia Mortgage, as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2 (N.D.Cal. May 17, 2011).

[4] *See* Official Certification of the Comptroller of the Currency regarding merger (Doc. 5-3), a copy of which is attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 3. Wells Fargo respectfully requests that the Court take judicial notice of the Official Certificate of the Comptroller of the Currency as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2.

[5] *See* Charter of Wachovia Mortgage (Doc. 5-4), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 4. Wells Fargo respectfully requests that the Court take judicial notice of the Charter of Wachovia Mortgage as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2.

[6] *See* Notice of Default (Doc. 1-2 at 33), attached to the Petition as Exhibit A.

[7] *Id.*

1  Toromanova failed to cure the default and did not elect to participate in the Nevada Foreclosure
2  Mediation Program.[8]  Consequently, a Notice of Trustee's Sale was recorded on January 26,
3  2011.[9]  The trustee's sale was scheduled to take place on February 16, 2011.[10]  However, on
4  February 14, 2011 Toromanova recorded a Notice of Lis Pendens.[11]  The Court dismissed
5  Toromanova's complaint and released the *lis pendens* in an order dated August 17, 2011.
6  Accordingly, another Notice of Trustee's Sale was recorded on September 1, 2011 and a sale
7  was scheduled for October 3, 2011.[12]  A Trustee's Deed Upon Sale was recorded on October 11,
8  2011.[13]

9  Toromanova filed her Complaint and Motion for Preliminary Injunction in state court on
10  February 10, 2012.[14]  The state court did not take any action regarding the Motion for
11  Preliminary Injunction.[15]  Wells Fargo removed the action to this Court on February 29, 2012.[16]
12  Then, on March 1, 2012, Wells Fargo filed its Opposition to Toromanova's Motion for
13  Preliminary Injunction (Doc. 5).  On March 9, 2012, the Court entered an order denying
14  Toromanova's Motion for Preliminary Injunction (Doc. 10).

15  On March 7, 2012, Wells Fargo filed a Motion to Dismiss and Expunge Lis Pendens (the
16  "Motion to Dismiss") (Doc. 7).  On March 20, 2012, defendant National Default Servicing
17  Corporation ("NDSC") filed a Joinder to the Motion to Dismiss (Doc. 11).  On March 21, 2012,
18  Toromanova filed her Opposition to the Motion to Dismiss (Doc. 12).  On March 29, 2012,
19  Toromanova filed her Opposition to NDSC's Joinder (Doc. 13).  On April 2, 2012, Wells Fargo

---

[8] *See* Mediation Certificate (Doc. 5-5), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 5.

[9] *See* Notice of Trustee's Sale (Doc. 5-6), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 6.

[10] *Id*.

[11] *See* Notice of Lis Pendens (Doc. 5-7), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 7.

[12] *See* Notice of Trustee's Sale (Doc. 1-2 at 36), attached to the Petition as Exhibit A.

[13] *See* Trustee's Deed Upon Sale (Doc. 5-8), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 8.

[14] *See generally* Compl. (Doc. 1-2); *see also* Mot. for Prelim. Inj. (Doc. 4-3 at 6).

[15] *See* State Court Docket (Doc. 5-9), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 9.

[16] *See generally* Petition.

filed a Reply in Support of the Motion to Dismiss (Doc. 16).  On April 13, 2012, NDSC filed a Reply in Support of the Motion to Dismiss (Doc. 17).  Accordingly, the Motion to Dismiss is fully briefed and ready for the Court's consideration.

On June 4, 2012, Toromanova filed the instant Ex Parte Application for Stay of Enforcement of Temporary Writ of Restitution in Unlawful Detainer Action and Preliminary Injunction (the "Application") (Docs. 18 and 19) seeking relief from a Temporary Writ of Restitution issued by the Justice Court.  However, this Court does not have authority to review the Justice Court's decisions.  Furthermore, Toromanova is not entitled to equitable relief.  Accordingly, the Court should deny the Application.

### III.  ARGUMENT

**A.  This Court cannot affect the rulings and orders of the Justice Court.**

In her Application, Toromanova pleads with the Court to "enter a Stay of the Writ of Restitution, a Temporary Restraining order and Preliminary Injunction that would prohibit Defendants . . . from evicting, taking possession of, or in any other manner interfere with the possession by Dimitritza Toromanova of her home."[17]  In essence, Toromanova asks this Court to render the orders of the state court meaningless so that she can continue living on the Property for free.  Toromanova even admits in her declaration that she unsuccessfully appealed the Justice Court's decision.[18]  Yet, apparently convinced she should be allowed to remain on the Property indefinitely, Toromanova filed the instant Application hoping for a different result from this Court in its capacity as a *de facto* court of appeals.  Unsurprisingly, however, Toromanova fails to provide any authority for her end-run around the appeals process.  On the contrary, a United States District Court has no authority to review the judgments or interlocutory decisions of a state court.[19]  Accordingly, "because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are in essence being called upon

---

[17]  *See* App. 8:22-27.

[18]  *Id.* at 10:14, 11:3-5.

[19]  *See G.C. and K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1102 (9th Cir. 2003) (quoting *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923)); *Doe & Associates Law Offices v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir. 2001).

4

review the state court decision."[20]  Therefore, this Court cannot grant the relief requested and Toromanova's Application must be denied.

### B. Toromanova is not entitled to a stay of enforcement, temporary restraining order, preliminary injunction, or any other equitable relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[21]  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and is "never awarded as of right."[22]  Accordingly, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."[23]

Here, the plaintiff has no likelihood of success on the merits, there is no threat of irreparable harm, and the balance of equities tips in favor of Wells Fargo.  In particular, as set forth in the Motion to Dismiss, Wells Fargo's Reply in Support of the Motion to Dismiss, and NDSC's Joinders thereto, Toromanova fails to state a claim upon which relief can be granted.  Therefore, the plaintiff is unlikely to succeed on the merits.  Next, there is no threat of irreparable harm, as the foreclosure was expressly authorized by the plaintiff in the Note and Deed of Trust.  Indeed, Toromanova cannot claim injury for being removed from property where she does not have a right to remain.  Finally, Toromanova's purported injury in being evicted from the Property is outweighed by the glaring inequity to Wells Fargo.  Toromanova has been living on the Property without paying for *over two years*.[24]  This is nothing short of a windfall for Toromanova, whereas Wells Fargo has been prevented from exercising its rights to the

---

[20] *See Napolitano,* 252 F.3d at 1030 (citing *Feldman,* 460 U.S. at 482 n.16) (internal quotation marks omitted).

[21] *See Winter v. Natural Resources Defense Council,* 555 U.S. 7, 20 (9th Cir. 2008).

[22] *Id.* at 22, 24.

[23] *Id.* at 24 (quoting *Amoco Prod. Co. v. Gambel*, 480 U.S. 531, 542 (1987)).

[24] The Notice of Default was recorded on August 27, 2010, at which time Toromanova was $25,840.85 in arrears.  *See* Notice of Default.

5

Property. Toromanova's sense of entitlement is unfounded, and Wells Fargo should not be forced to continue subsidizing Toromanova's stubborn refusal to accept the consequences of her own actions. Accordingly, the Court should deny the Motion.

### IV.  CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court deny the Application and enter an order dismissing Toromanova's claims with prejudice and expunging the *lis pendens*.

DATED this 21st day of June 2012.

DAVID J. MERRILL, P.C.

By: *[signature]*
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

6

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 21st day of June 2012, service of the foregoing Opposition to Ex Parte Application for Stay of Enforcement of Temporary Writ of Restitution in Unlawful Detainer Action and Preliminary Injunction was made to all counsel in the action through the Court's CM/ECF system.  In addition, service was made to the plaintiff by placing a copy in the United States Mail, postage prepaid and addressed to the following at her last known address:

> Dimitritza Toromanova
> 2912 Hot Cider Avenue
> North Las Vegas, Nevada  89031

_____
An employee of David J. Merrill, P.C.