UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, ) | Case No.: 12-cv-00328-GMN-CWH |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| WELLS FARGO BANK, N.A., WACHOVIA ) | |
| MORTGAGE, FSB, NATIONAL DEFAULT ) | |
| SERVICING CORP., ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

Before the Court is Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB's (hereinafter "Wells Fargo") Motion to Dismiss (ECF No. 6). Defendant National Default Servicing Corporation (hereinafter "NDSC") filed a Joinder to Wells Fargo's Motion to Dismiss (ECF No. 11). Plaintiff Dimitritza Toromanova filed a Response to the Motion to Dismiss (ECF No. 12) and a Response to the Joinder (ECF No. 13). Wells Fargo filed a Reply (ECF No. 16) and NDSC filed a Joinder to the Reply (ECF No. 17).

Also before the Court is Plaintiff's Motion to Stay (ECF No. 18) and Motion for a Preliminary Injunction (ECF No. 19).

## FACTS AND BACKGROUND

Plaintiff purchased the property located at 2912 Hot Cider Avenue, North Las Vegas, Nevada 89031 (hereinafter "the Property") in March 2006. Plaintiff executed an Adjustable Rate Mortgage Note Pick-A-Payment Loan (the "Note") and Deed of Trust (the "DOT") in favor of World Savings Bank, FSB for $288,000. (*See* Note, Ex 1 attached to Opp. to Mot. for

1  PI, ECF No. 5–1; DOT, Ex. A attached to Petition for Removal, ECF No. 1–2.)[1]  The lender and
2  beneficiary of the DOT was World Savings Bank. (*See* DOT.)
3  On or about December 31, 2007, World Savings changed its name to Wachovia
4  Mortgage, FSB. (*See* Federal Deposit Insurance Corporation notice and history of World
5  Savings Bank's name change to Wachovia Mortgage, Ex. 2 attached to Opp. to Mot. for PI, ECF
6  No. 5–2.)  Effective November 1, 2009, Wachovia Mortgage merged with and into Wells Fargo
7  Bank, N.A. and is now known as Wachovia Mortgage, a Division of Wells Fargo Bank, N.A.
8  (*See* Official Certification of the Comptroller of the Currency regarding merger, Ex. 3 attached
9  to Opp. to Mot. for PI, ECF No. 5–3.)  Wachovia Mortgage (and its predecessor, World Savings
10 Bank) was a federal savings bank regulated by the Office of Thrift Supervision. (*See* Charter of
11 Wachovia Mortgage, Ex. 4 attached to Opp. to Mot. for PI, ECF No. 5–4.)[2]
12 On or about April 2009 Plaintiff stopped making payments on the promissory note.
13 (Compl., Ex. A attached to Petition for Removal, ¶10, ECF No. 1–2.)  On August 27, 2010, a
14 Notice of Default and Election to Sell Under Deed of Trustee (the "NOD") was recorded.
15 (NOD, Ex. A attached to Petition for Removal, pg. 33, ECF No. 1–2.)  On September 13, 2012,
16 a Substitution of Trustee was executed, substituting NDSC as trustee in place of Golden West
17 Savings Association Service Co. (SOT, Ex. A attached to Petition for Removal, pg. 39, ECF No.
18 1–2.)  Nevertheless, Plaintiff failed to cure the default and did not elect to participate in the
19 Nevada Foreclosure Mediation Program. (*See* Mediation Certificate, Ex. 5 attached to Opp. to
20 Mot. for PI, ECF No. 5–5.)  Consequently, a Notice of Trustee's Sale was recorded on January
21 26, 2011 with the sale to take place on February 16, 2011. (Notice of Trustee's Sale, Ex. 6

---

[1] The Court takes judicial notice of all of the documents attached to Plaintiff's and Defendants' pleadings and papers that have been recorded and are public records in the Clark County Recorder's office. *See Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986).

[2] The Court takes judicial notice of these three documents (Notice and History of World Saving Bank, Official Certification of the Comptroller and Charter of Wachovia Mortgage) as they are documents reflecting official acts of the executive branch of the United States and pursuant to Rule 201(b)(2) of the Federal Rules of Evidence. *Gonzalez v. Wells Fargo Banks, FSB*, No. C11-00247, 2011 WL 1877219 at *1, n.2 (N.D.CAL. May 17, 2011).

attached to Opp. to Mot. for PI, ECF No. 5–6.)

However on February 14, 2011, Plaintiff filed suit and recorded a Notice of Lis Pendens. (*See* Notice of Lis Pendens, Ex. 7 attached to Opp. to Mot. for PI, ECF No. 5–7.) The Court eventually dismissed Plaintiff's complaint and released the *lis pendens* on August 17, 2011. (*See* Case No. 2:10-cv-02193-PMP-GWF.) Another Notice of Trustee's Sale was recorded on September 1, 2011, and a sale was scheduled to take place on October 3, 2011. (Second Notice of Trustee's Sale, Ex. A attached to Petition for Removal, pg. 36, ECF No. 1–2.) A Trustee's Deed Upon Sale was recorded on October 11, 2011. (Trustee's Deed Upon Sale, Ex. 8 attached to Opp. to Mot. for PI, ECF No. 5–8.)

Plaintiff filed the instant suit in state court on February 10, 2012. (*See* Compl.) The case was subsequently removed to this Court on February, 29, 2012. (*See* Petition for Removal, ECF No. 1.) Plaintiff alleges four causes of action: (1) Unlawful Taking of Property, (2) Trespass, (3) Fraud, and (4) Civil Racketeer Influenced and Corrupt Organizations Act (RICO).

## DISCUSSION

**A.    Motion to Dismiss**

   **1.    Legal Standard – Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*  Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**2.  Analysis**

  a.  <u>Claim Preclusion (Res Judicata)</u>

Wells Fargo first argues that Plaintiff's claims are barred by claim preclusion.  The

principal of res judicata bars a plaintiff from reasserting claims that have already been adjudicated. *Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1320 (9th Cir. 1992); *McClain v. Apodaca,* 793 F.2d 1031, 1033 (9th Cir. 1986). The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits in the first action, and (3) identity or privity between the parties. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir.2011) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir.2003)) (quotation marks omitted). Further, claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties" are barred under res judicata. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir. 1982).

Plaintiff previously filed suit against Defendant Wells Fargo (among other defendants not named in this suit). *See* Case No. 2:10-cv-02193-PMP-GWF. That complaint, although it appears to have been related to the foreclosure of the Property, did not contain any discernible causes of action. Judge Pro entered an Order dismissing the complaint and expunging the *lis pendens* on August 17, 2011. *See id.* Thus the doctrine of claim preclusion bars this action against Wells Fargo and Wachovia Mortgage. Accordingly the Complaint is dismissed against Defendants Wells Fargo and Wachovia Mortgage.

However the claims still remain against NDSC because Defendants have not shown identity or privity that would allow claim preclusion to apply to NDSC.

    b.  <u>Unlawful Taking of Property</u>

The Court construes Plaintiff's first cause of action, unlawful taking of property, as a claim for wrongful foreclosure. In Nevada "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the

power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.1983) (citations omitted).  Plaintiff admits in the Complaint that she[3] stopped making mortgage payments in 2009.  Thus Plaintiff cannot state a claim for wrongful foreclosure because she was in breach of condition and failed to perform under the DOT.

Plaintiff has also failed to state a claim for a statutorily defective foreclosure.  Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." N.R.S. § 107.020(1).  Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. N.R.S. § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in N.R.S. § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. N.R.S. § 107.080(2)(c). After at least three months have elapsed, the trustee or other person authorized to make the sale under the terms of the deed of trust shall give notice of sale in accordance with the posting requirements for residential foreclosures. N.R.S. § 107.080(4).  A foreclosure sale may be declared void if the trustee or other person authorized to make the sale did not substantially comply with the foreclosure statutes. N.R.S. § 107.080(5).

The beneficiary of the Deed of Trust is the "Lender" which is identified as World Savings Bank. (*See* DOT.)  Defendants have provided judicially noticeable documents that show that World Savings Bank became Wachovia Mortgage, a division of Wells Fargo Bank, N.A. *See supra* note 2.  As the successor in interest to World Savings Bank, Wells Fargo is the beneficiary entitled to foreclose upon the property.  However, the Notice of Default was issued and recorded on August 28, 2010 by NDSC as "trustee".  However the SOT shows that NDSC

---

[3] It is unclear whether the Plaintiff is a male or female because the gender pronouns switch throughout the Complaint.  The Defendants treat Plaintiff as a female and thus the Court will as well.

was not substituted as trustee until September 13, 2010.

Since only the trustee, beneficiary or their assigns, or an authorized agent may execute and record the NOD under NRS § 107.080(2)(c) the recordation of the NOD by NDSC may not have been proper.  Thus Plaintiff may be able to state a claim for a statutorily defective foreclosure.

Nevertheless Plaintiff cannot bring a claim for a statutorily defective foreclosure because she is outside the statute of limitations to bring such a claim.  NRS § 107.080(5)(b) provides a 90-day period after a foreclosure sale in which a plaintiff may challenge the validity of the sale.  If the plaintiff lacked notice of the sale, then he or she may institute an action to set the sale aside within 120 days of receiving actual notice. NRS § 107.080(6).

Plaintiff had notice of the sale as of September 1, 2011.  The sale took place on October 3, 2011, making the deadline to seek the setting aside of the sale January 1, 2012.  Plaintiff filed the instant suit on February 10, 2012, 40 days after the deadline. Accordingly, Plaintiff is barred from making a claim of a statutorily defective foreclosure. *See Justice v. Federal Nat. Mortg. Ass'n*, No. 2:12-cv-327-JCM-VCF, 2012 WL 1576091 at *1 (D.Nev. May 3, 2012).

   c. Trespass

Plaintiff's second cause of action for trespass alleges that "Defendants interfered with and meddled with the possessory interest of Plaintiff in the Land." (Compl. at ¶ 35.)  As evidenced by the deed of trust, Plaintiff consented to Lender's power of sale in the event that Plaintiff defaulted on the terms of her deed of trust.  According to the NOD, Plaintiff breached her duty to make timely payments (and Plaintiff admits so in her Complaint) and the Notice of Trustee's Sale shows that Plaintiff did not cure such default.  Thus, during the course of the foreclosure sale, any entry made on said property was specifically authorized by the Plaintiff.  Accordingly, the claim for relief for trespass is dismissed.

   d. Fraud

To prove a claim for fraud or intentional misrepresentation, the plaintiff must establish

three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance. *Guthrie v. Argent Mort. Co., LLC*, No. 2:11-CV-1811-JCM-PAL, 2011 WL 6140660, at *2 (D.Nev. Dec. 9, 2011)(citing *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007)). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R .Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) ("Federal Rule of Civil Procedure 9(b) ... require[s] [plaintiff] to plead her case with a high degree of meticulousness."). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007).

Plaintiff does not plead this claim with particularity. She fails to identify the "who, what, when, where, and how" of the alleged fraud. Instead she alleges all "Defendants represented to Plaintiff that they were the agent of a note holder . . . [and] that they had the right to conduct foreclosure proceedings and that all documents necessary to obtain such right were in their possession." She alleges that this representation was false. However, this representation would not have been false had it come from Wells Fargo or Wachovia as they were the beneficiaries to World Saving Bank. It is potentially possible that a representative from NDSC made false claims it did not have the authority granted to it by the beneficiary to issue the notice of default. However, Plaintiff's claim does not state with particularity that this was the case.

Accordingly Plaintiff's fraud claim is dismissed. Plaintiff is granted leave to amend this cause of action with respect to NDSC only.[4]

///

---

[4] NDSC argues that Plaintiff admits to knowing the alleged fraud in January of 2009 and therefore the statute of limitations expired in January 2012. *See* NRS 11.190(3)(d). However the specific fraud alleged by Plaintiff concerns the foreclosure proceedings which did not start until the NOD was issued in August of 2010. Thus the Court is not persuaded that the statute of limitations has run on this claim.

      e.  <u>Civil Racketeer Influenced and Corrupt Organizations Act (RICO).</u>

  To state a claim under Nevada's RICO statute, a plaintiff must allege that the defendant "engag[ed] in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commissions, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents...." *Menalco v. Buchan*, No. 2:07-cv-1178-PMP-PAL, 2010 WL 428911, at *19 (D.Nev.2010). The plaintiff must plead the two crimes relating to racketeering with specificity. *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1287 (D.Nev.2005). That is, under Nevada law, a civil RICO cause of action must be plead with the same degree of specificity that is required in a criminal indictment or information. *Hale v. Burkhardt*, 764 P.2d 866, 869–70 (Nev. 1988). Thus the pleading must contain a sufficiently plain, concise and definite statement of the essential facts that would provide a person of ordinary understanding with notice of the charges. *Id.* Further, the plaintiff must establish: "(1) the plaintiff's injury flows from the defendant's violation of a predicate Nevada RICO act; (2) the defendant's violation of the predicate act directly and proximately caused the plaintiff's injury; and (3) the plaintiff did not participate in committing the predicate act." *Menalco*, 2010 WL 428911, at *19.

  Plaintiff alleges that Defendants created a criminal syndicate with the intent to defraud Plaintiff. The first criminal act committed by the Defendants is that they allegedly "contrived the act leading to the issuance of a bogus trustee's deed, thereby committing the final unlawful act to de-seisin[*sic*] Plaintiff of her fee simple Property Rights." The additional criminal acts are that Defendants are allegedly "causing forged documents to be used to deprive property owners of the rights; creating false documents in order to deprive property owners of their property rights; initiate faux foreclosure process in order to unlawfully deprive property owner of their property rights." These allegations do not rise to the level of specificity required under Nevada law. More facts are necessary to put a reasonable person on notice of the charges. For example,

specific facts relating to what false documents were created in connection to which property was wrongfully taken would be necessary to allege a RICO claim.

Accordingly, Plaintiff fails to state a claim of a RICO violation and this claim is dismissed. Plaintiff will be given leave to amend this claim against NDSC only.

## B.     Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resource Defense Council*, 129 S.Ct. 365, 374 (2008).  Alternatively, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir.2011) (internal quotation marks omitted).

However, as explained above, Plaintiff is neither likely to succeed on the merits of her claim, nor does she raise serious questions going to the merits.  All claims against Defendants Wells Fargo and Wachovia are barred by claim preclusion.  The only claims that may be amended against Defendant NDSC are the fraud and RICO claims.  However being allowed the opportunity to amend the claims does not amount to a showing of likelihood of success on the merits which would lead to the relief sought by Plaintiff, i.e. forestalling Plaintiff's eviction from the Property.  Accordingly, Plaintiff's Motion for Preliminary Injunction (ECF No. 19) is denied.

## C.     Motion for Stay

Plaintiff also moves this Court to stay the enforcement of the temporary writ of restitution in the unlawful detainer action that is apparently proceeding in state court (ECF No. 18). Plaintiff does not disclose many facts regarding the state court proceeding and this Court will

not assume the status of that action. However, if Plaintiff wishes to bring a motion for a stay of the unlawful detainer action the correct place to bring the motion is in state court, not this Court. Accordingly, Plaintiff's Motion for a Stay (ECF No. 18) is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB's Motion to Dismiss (ECF No. 6) is **GRANTED**.[5]

**IT IS FURTHER ORDERED** that Defendant National Default Servicing Corporation's Joinder to Wells Fargo's Motion to Dismiss (ECF No. 11) is **GRANTED in part and DENIED in part**. Plaintiff's **First and Second Causes of Action** are **DISMISSED with prejudice**. Plaintiff is **GRANTED leave to amend** her **Third and Fourth Causes of Action against NDSC**. Plaintiff shall file the Amended Complaint **by July 18, 2012**. **Failure to file an Amended Complaint by that date will result in dismissal of this lawsuit.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (ECF No. 18) and Motion for a Preliminary Injunction (ECF No. 19) are **DENIED**.

**DATED** this 25th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge

---

[5] The Court will not enter an order expunging the *lis pendens* at this time since Plaintiff is granted leave to amend her Complaint.