Dimitriza Toromanova
2912 Hot Cider Avenue
Las Vegas, NV 89031
(702) 791-764
Plaintiff

FILED          RECEIVED
ENTERED     SERVED ON
COUNSEL/PARTIES OF RECORD

2012 JUL 18 P 2: 57

COURT
NEVADA
DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| Dimitriza Toromanova, | Case No.: 2:12-cv-00328-GMN-(CWH) |
| Plaintiff, | |
| vs. | |
| WELLS FARGO BANK,N.A., | |
| WACHOVIA MORTGAGE BANK,FSB, | |
| WORLD SAVINGS BANK,FSB, | **AMENDED COMPLAINT** |
| NATIONAL CITY MORTGAGE, | |
| NATIONAL DEFAULT SERVICING CO, | TRIAL BY JURY DEMANDED |
| GOLDEN WEST SAVINGS ASSOCIATION | |
| SERVICE Co.,and | |
| DOES & ROES 1 THROUGH 100, | |
| Defendants. | |

## INTRODUCTION

This is an action brought by Plaintiff, Dimitriza Toromanova, for declaratory judgment, injunctive and equitable relief, and wrongful foreclosure and for compensatory special, general and punitive damages.

1. Plaintiff, homeowner, Dimitriza Toromanova, (hereinafter "Plaintiff") disputes the title and ownership of the real property in question (the "property"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/ or transferred their ownership and security interest in a Promissory Note and Deed of Trust related to the Property, and thus, do not have lawful ownership or security interest in Plaintiff's home which is described in detail herein.

1. Plaintiff alleges that Defendants and each of them cannot show proper receipt, possession, transfer, negotiations, assignments and ownership of the borrower's original Promissory Note and Deed of Trust resulting in imperfect security interest and claims.

- 1 -

2.     Plaintiff further alleges that Defendants, each of them, cannot establish possession and proper transfer and or endorsement of the Promissory Note and assignment of the Deed of Trust herein; therefore, none of the Defendants have perfected any claim of the title or security interest in the Property.  Defendants and each of them do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or property acquired.

3.     Plaintiff alleges that an actual controversy has arisen and now exists between Plaintiff and the Defendants. Plaintiff desires a judicial determination and declaration of his rights with regard to the Property and the corresponding Promissory Note and Deed of Trust.

4.     Plaintiff also seeks redress from Defendants identified below for damages, for other injunctive relief, and for cancellation of written instruments based upon damages:

   a.  An invalid and unperfected security interest in Plaintiff's home herein described;
   b.  Void "True Sale(s)" violating express terms of the Pooling and Serving Agreement (PSA) governing the securitization of Plaintiff's mortgage, which is a Trust Agreement required to be filed under penalty of perjury with the United States Security and Exchange Commission (SEC) and which, along with another document, the Mortgage Loan Purchase Agreement ("MLPPA"), is the operative securitization document created by finance and securitization industry to memorialize securitization transactions (see further discussions of the PSA herein);
   c.  An incomplete and ineffectual perfection of the security interest in Plaintiff's Home;
   d.  violation of unfair and deceptive trade practices
   e.  A *void* Deed of Trust due to improper securitization, for which there is a reasonable apprehension that, if left outstanding, may cause a serious injury.

### THE PARTIES

5.     Plaintiff is now and at all times relevant to this action, is a resident of Clark County State of Nevada.  At all times relevant to this action, Plaintiff has owned the Property located at 212 Hot Cider Avenue, Las Vegas, Nevada 89031 (the "Property") (since March 2, 2006; APN #124-32-415-039).

6.  Defendant, WELLS FARGO BANK, is a national Banking Association, doing business in the County of Clark, State of Nevada.  Plaintiff is further informed and believes and thereon alleges, that WELLS FARGO BANK is the pretender  mortgage lender and/or a purported participant in the imperfect securitization of the Note (incorporated by

reference herein) and/or the Deed of Trust, (incorporated by reference herein) as more particularly described in this Complaint.  Plaintiff is further informed and believes that WELLS FARGO BANK is a participant in fraud on the Plaintiff in the Original of the Note.

7.   WELLS FARGO BANK was a "correspondent lender" that did take over mortgage loans that allegedly sold or transferred loans to WACHOVIA MORTGAGE.

8.   Defendant, NATIONAL DEFAULT SERVICING CORPORATION, is the self-claiming, unlawful-Substitution trustee for WELLS FARGO BANK,N.A Plaintiff is informed and believes, and thereon alleges that, proper assignment was not obtained, prior to NATIONAL DEFAULT SERVICING CORPORATION, foreclosing on "The Property" therefore, "The Property" was wrongfully foreclosed and  transferred to WELLS FARGO.

9.   WACHOVIA MORTGAGE is a national banking association, doing business in the County of Clark, State of Nevada and is the purported Lender /or a purported participant in the imperfect securitization of the Note and/or the Deed of Trust as more particularly described in this complaint.  Plaintiff is further informed and believes that WACHOVIA MORTGAGE is a participant in fraud on the Plaintiff in the servicing of the note.

10. Plaintiff is informed and believes and thereon alleges, that Defendant, WORLD SAVINGS BANK, is a company doing business in the County of Clark, State of Nevada and the Origina Lender,purported participant in the imperfect securitization of the Note and/or the Deed of Trust as more particularly described in this Complaint and a participant in fraud on the Plaintiff.

11.   Plaintiff is informed and believes and thereon alleges that Defendant NATIONAL CITY MORTGAGE is a national banking association, doing business in the County of Clark, State of Nevada and is the purported Trustee for the Trust and/or a purported participant in the imperfect securitization of the Note and/or the Deed of Trust as more particularly described in this complaint.

12. Plaintiff does not know the true means, capacities, or basis for liability of Defendants named herein as DOES and ROES 1through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in Property. Plaintiff is informed and does believe, and therefore alleges that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

13.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## JURISDICTION

14.   The transaction and events which are the subject matter of this Complaint all occurred within the County of Clark, State of Nevada.

15.   The Property is located within the County of Clark, State of Nevada.

16.   Defendants  executed a series of documents, including but not limited to a Note and Deed of Trust, securing the Property in the amount of the Note.  The original beneficiary and nominee under the Deed of Trust was WORLD SAVINGS BANK,FSB and GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., A California Corporation, is the TRUSTEE.

17.   Plaintiff is informed and believes, that thereon alleges, that the purchased mortgage on the Property, the debt or obligation evidenced by the Note and the Deed of Trust executed by Plaintiff in favor of the original lender and other Defendants, regarding the Property, was not properly assigned and transferred to Defendants operating the pooled mortgage funds or trust in accordance with the PSA of the entitled making and receiving the purported assignment to this trust.

18.   Plaintiff alleges that the PSA requires that each Note or Deed of Trust to be endorsed and assigned, respectively, to the trust and executed by multiple intervening parties before it reached the Trust.  Here, neither the Note nor the Deed of Trust was assigned.  Defendants were acting within the course and scope of such agency, employment and/or joint venture.

19.   Plaintiff is informed and believes, thereon alleges, that the purchase of the mortgage on the Property, the debt or obligation evidenced by the Note and the Deed of Trust executed by Plaintiff in favor of the original lender and other Defendants, regarding the Property, was not properly assigned and transferred to Defendants operating the pooled mortgage funds or trust in

- 4 -

accordance with the PSA of the entities making and receiving the purported assignments to the trust.

20.   Plaintiff alleges that PSA requires that each Note or Deed of Trust had to be endorsed and assigned, respectively, to the Trust and executed by multiple intervening parties before it reaches the Trust.  Here, neither the Note nor the Deed of Trust was assigned to the Securitized Trust by the closing date.  Therefore, under the PSA, any assignment of the Deed of Trust beyond the specified closing date of the Trust is void.

21.   Plaintiff also alleges that the Note was secured by the Deed of Trust and, that as of the date of the filing of this Complaint the Deed of Trust had not been legally assigned to any other party or entity.

22.   Plaintiff is further informed and believes, and thereon alleges, that the purported assignments and transfers of Plaintiff's debt or obligation did not comply with Nevada law, and/or other laws and statutes, and, thus do not constitute valid and enforceable "True Sales".  Any security interest in the Property was, thus, never perfected.  The alleged holder of the Note is not the beneficiary of the Deed of Trust.  The alleged beneficiary of Plaintiff's Deed of Trust does not have the requisite title, perfected security interest or standing to proceed; and or is not the real party in interest with regard to any action taken against the Property.

23.   Plaintiff is also informed and believes, and thereon alleges, that all times herein mentioned, and any assignment of a Deed of Trust without proper transfer of the obligation that it secures is a legal nullity.  In Nevada, if there is no recorded assignment of the Note from the Original lender to the foreclosing   party ,then the chain of title is broken. The Original Note and the endorsements should be on the Note .

24.   As set forth hereinabove, Defendants, and each of them, violated the express terms of PSA which is a Trust Agreement and which, along with another document, the Mortgage Loan Purchase Agreement, is the operative securitization document created by the finance and securitization industry to memorize particular a securitization transaction. The PSA to each PSA specifies the rights and obligations of each party to the securitization transaction to each other, and is a public document on file with the SEC.  More specifically, the PSA requires strict compliance with its procedures and time lines in order to achieve their specific objectives.

25.   Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms. The purpose is to provide a large supply of money to lenders for originating loans, and to provide investments to bond holders

- 5 -

which were expected to be relatively safe. The procedure for selling of the loans was to create a situation whereby certain tax laws known and the Real Estate Mortgage Investment Conduit (hereafter "REMIC") Act were observed, and whereby Issuing Entities and the Lenders would be protected from either entity going into bankruptcy.  In order to achieve the desired" bankruptcy remoteness," two "True Sales" of the loans had to occur, in which loans were sold and transferred to the different parties to the securitization.

26.    A "True Sale" of the loan would be a circumstance whereby one party owned the Note and then sold it to another party. An offer would be made, accepted and compensation given to the "seller" in return for the Note. The notes would be transferred, and the Deeds of Trust assigned of the Note, with an Assignment made every step of the way, and furthermore, each Note would be endorsed to the next party by the previous assignee of record.

27.    In order for the trustee of the Securitized Trust to have a valid and enforceable secured claim against Plaintiff's Home, the Trustee must prove and certify to all parties that, among other things required the PSA:

    a.  There was a complete and unbroken chain of endorsements and transfers of the Note from and to each party to the securitization transaction (which should be from the (A) Mortgage Organizer to the (B) Sponsor (C) Depositor to the (D) Trust, and that all of these endorsements and transfers were completed prior to the Trust closing dates (see discussion below); and;
    b.  The Trustee of the securitized Trust had actual physical possession of the Note at that point in time, when all endorsements and assignments had been completed. Absent such proof, Plaintiff agrees that the Trustee cannot demonstrate that it had perfected its security interest in Plaintiff's Home that is subject of this action. Therefore, if the Defendants, and each of them, did not hold and possess the Note on or before the closing date of the Trust herein, they are estopped and precluded from asserted any secured or unsecured claim in this case.

28.    Plaintiff is informed and believes, and thereon alleges, that pursuant to the terms of PSA, the Mortgage Organizer (i.e., the original lender herein) agreed to transfer and endorse to the Trustee for the Securitized Trust, without recourse, including all intervening transfers and assignments, all of its right, title and interest in and to the mortgage loan (Note) of Plaintiff' herein and all other mortgage loan identified in PSA.

29.    Plaintiff is further informed and believes and thereon alleges, that the PSA,  provides that the transfers and assignments are absolute, were made for valuable consideration, to wit, in exchange for the certificates described in the PSA, and were intended by the parties to be a

- 6 -

benefited "True Sale." Since, as alleged herein, True Sale did not actually occur, Plaintiff alleges that the Defendants' Trustees are estopped and precluded from asserting any secured or unsecured claim in this matter.

30.   Plaintiff is further informed and believes and thereon alleges, that as a result of the PSA and the documents signed under oath in relation thereto, the Mortgage Originator, sponsor and Depositor are estopped from claiming any interest on the Note that allegedly secured by the Deed of Trust on Plaintiff's Property herein.

31.   Plaintiff is informed and believes and thereon alleges, that the Note in this case and the other mortgage loans identified in the PSA, were never actually transferred and delivered by the Mortgage Originator to the Sponsor or the Depositor nor from the Depositor to the Trustee for the Securitized Trust.

32.   Based upon the foregoing, Plaintiff is further informed and believes, and thereon alleges, that that the following deficiencies exist, in the "True Sale" and securitization process as to this Deed of Trust which renders invalid any security interest in the Plaintiff's mortgage, included, but not limited to:

33.   The splitting or separation of title, ownership and interest in Plaintiff's Note and Deed of Trust of which e original lender s the holder, owner and beneficiary of Plaintiff's Deed of Trust;

34.   When the loan was sold to each intervening entity at the time of the sale. Therefore, "True Sales" could not occur;

35. The failure to assign and transfer Plaintiff's Note and/or mortgage to Defendants as Trustee, in accordance with the PSA;

36. The failure to endorse, assign and transfer Plaintiff's Note and/or mortgage to Defendant NATIONAL DEFAULT SERVICING, as Trustee for WELLS FARGO BANK, in accordance with the PSA.

37. No Assignment of Beneficiary or Endorsements of the Note each of the intervening entities in the transaction ever occurred, which is conclusive proof that no true sales occurred as required under the PSA filed with the SEC; and

38. Plaintiff, therefore allege, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants this case, hold a perfected and secured in the property; and that all defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate.

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

fully set forth herein.

40. An actual controversy has arisen and now exists between Plaintiff and Defendants, each of them, do not have the right to foreclose on the Plaintiff's property as Defendants, each of them, have failed to perfect any security interest in the Property. Thus, the purported power of sale by above specified Defendants, and each of them, no longer applies. Plaintiff further contends that the above specified Defendants, and each of them, did not properly comply with the terms of Defendants' own securitization of them, to foreclose as a calculated and fraudulent business practice.

41. Plaintiff is informed and believes and there upon alleges that the only individual who has standing to foreclose is the Holder of the Note, because they have a beneficial interest. The only individuals who are the holder of the note are the certificate gains; furthermore, all of the banks in the middle were paid in full.

42. Plaintiff request that this Court find that the purported power of sale contained in the Note and Deed of Trust has no force and effect at this time, because Defendant's actions in the processing, handling and attempted foreclosure of this loan involved numerous fraudulent, false, and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants, and each of them. Plaintiff further requests that title to the property remain in its name, with said Deed of Trust remaining in the beneficiaries' name, during the pendency of this litigation, and deem that any attempted sale of the Property is "unlawful and void".

43. By statute, the assignment of the mortgage is carried with it the assignment of the debt, the Deed and the Note cannot be separated

44. Plaintiffs are involved and believe, and thereon allege, that in order to conduct a foreclosure action, a person or entity must have standing.

45. Plaintiffs are informed and believe and thereon allege that pursuant to Nevada law, to perfect the transfer of mortgage paper as collateral, the owner should physically deliver the note to the Transferee. Without physical transfer, the sale of the note is invalid as a fraudulent conveyance or as unperfected.

46. The note in this action identifies the entity to whom it was payable, the original lender. Therefore, the Note herein cannot be transferred unless it is endorse; the attachments to the notice of defaults which establish that original lender endorsed and sold the note to another party.

47. Furthermore Pursuant to the state law, to perfect the transfer of mortgage papers as

collateral for a debt, the owner should physically deliver the note to the transferee. Without physical transfer, the sale of the note is invalid as a fraudulent conveyance, or as unperfected. The note herein specifically identifies the party to whom it was payable to and the Note therefore, cannot be transferred unless it is endorsed.

48. Defendants, and each of them through the actions alleged above, have illegally commenced foreclosure under the Note on a property via foreclosure action supported by false or fraudulent documents. Said unlawful foreclosure action has caused and continues to cause Plaintiff great and irreparable injury in that real property is unique.

49. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoyed by an Order of the Court, will continue to cause great and irreparable harm to the Plaintiff. Plaintiff will not have the beneficial use and enjoyment of her Home and will lose the Property,

50. Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined as real property is inherently unique and it will be impossible for Plaintiff to determine the precise amount of damage it will suffer.

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52. Defendants concealed the fact that the Loan was securitized as well as the terms of The  Securitization Agreement including, their, inter alia: (1) Financial incentives paid; (2) existence of credit enhancement agreements, (3) existence of acquisition provisions.  By concealing the securitization, Defendants concealed the fact that the Borrowers' loan changed in character in so much as no single party would hold the Note but rather the Notes would be included in a pool with other Notes, split into trances, and multiple investors would effectively buy share of the income stream from the loans. Changing the character of the loan in this way had a materially negative effect on Plaintiff that was known by Defendants but not disclosed.

53. Defendant knew or should have known that the truth had been disclosed, Plaintiff would not have entered into the Loans.

54. Defendant intended to induce Plaintiffs based on these misrepresentation and improper disclosures.

55. Plaintiff's reasonable reliance upon the misrepresentations was detrimental. But for

failure to disclose the true and material terms of the transaction, Plaintiffs could have been alerted to issue of concern. Plaintiffs would have unknown of Defendants true intentions and profits from the proposed risk loan. Plaintiffs would have known that the actions of Defendants would have an adverse effect on the value of the Plaintiff's home. .

56. Defendant's failure to disclose the material terms of the transaction induced Plaintiff to enter into the loans and accepted the Services as alleged herein.

57. Defendants were aware of the misrepresentations and from them.

58. As directed and proximate result of the misrepresentations and concealment, Defendants are guilty of malice, fraud and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

### FIRST CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT
### (Against all Defendants and Does 1 - 100)

59.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as thoughtfully set forth herein

60. Defendants intentionally misrepresented to Plaintiff that they were entitled to exercise the power of the sale provision contained in Deed of Trust. In fact, Defendants were not entitles to do so and have no legal, equitable, or actual beneficial interest whosoever in the Property.

61. Defendants misrepresented that they are the "holder and owner" of the Note and the beneficiary of the Deed of Trust. However, this was not true and was a misrepresentation of material fact. Documents state that the original lender allegedly sold the mortgage loan. Documents were attempting to collect on debt to which they have no legal, equitable, or pecuniary interest in. This type of conduct is outrageous.

62. Defendant's failure discloses the material terms of the transaction induced Plaintiff to enter the loads and accept the Services as alleged herein.

63. The material misrepresentations were made by the Defendants with the intent to cause Plaintiff to responsibly rely in the misrepresentation and in order to induce the Plaintiff to rely on the misrepresentations and foreclosure on the Property. This material misrepresentation was made with the purpose of initiating the securitizing process as illustrated above, in order to profit from the sale of the Property by selling the note and selling it to investors on Wall Street.

- 10 -

64. Defendants were aware of the misrepresentations and profited from them.

65. As a direct and proximate result of the misrepresentations and concealment Plaintiff was damaged in an amount to be proven at trial, including but not limited to cost of Loan, damage to Plaintiff's, financial security, emotional distress, and Plaintiff has incurred cost and attorney's fees.

66. Defendants are guilty of malice, fraud and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were a calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages to punish Defendants and deter them from engaging in future misconduct.

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. The actions of Defendants as set forth herein have resulted in the Plaintiff being Treated  with the loss of Property.

69. This outcome has been created without any right or privilege on the part of the Defendants, and as such, their actions constitute outrageous or reckless conduct on the part of the Defendants.

70. Defendants knowingly and recklessly misrepresented to the Plaintiff that Defendants were  entitled to exercise the power of sale provision contained in the Deed of Trust.  In fact, Defendants were not entitled to do so and have no legal, equitable or actual beneficial interest whatsoever in the Property.

71. Defendants' conduct – fraudulently attempting to foreclosure on a property in which they have no right, title or interest – is so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community.

72. Such conduct was undertaken with the specific intent of inflicting emotional distress on the Plaintiff, such that Plaintiff would be so emotionally distressed and debilitated that he should be unable to exercise legal rights in the Property; the right to title of the Property, right to cure the alleged default, right to verify the alleged debt that Defendants are attempting to collect, and the right to clear the property such that said title wills regain its marketability and value.

73. At the time Defendants began their fraudulent foreclosure proceedings, Defendants were not acting in good faith while attempting to collect on the subject debt. Defendants and each of them committed the acts set forth above with complete; utter and reckless disregard of probability of causing Homeowners to suffer severe emotional distress.

74. As an actual and proximate cause of Defendants' attempt to fraudulently foreclose on

- 11 -

Plaintiff's home, the Plaintiff has suffered severe emotional distress including, but not limited to, lack of sleep, anxiety and depression. Which leads to less employment.

75. Plaintiff did not default in the matter stated in Notice of Default, yet because of Defendants' outrageous conduct, Plaintiff has been living under the constant emotional nightmare of losing the Property and become homeless.

76. As a proximate cause of Defendants' conduct, Plaintiff has experienced many sleepless nights, severe depression, lack of appetite, and lesser employment.

77. The conduct of Defendants, and each of them, as herein described, was so vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter other from engaging in similar conduct.

**SECOND CAUSE OF ACTION**
**SLANDER OF TITLE**
**(Against All Defendant and Does 1 - 100)**

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Plaintiff incorporates here each and every allegation set forth above. Defendants, and each of them, disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed.

80. Said Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiff's legal title to the Property. By posting, publishing, and recording of said documents, Defendants' disparagement of Plaintiff's legal title was made to the world at large.

81. As directed and proximate result of Defendants' conduct in publishing these documents, to the Plaintiff's title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff's title, and Plaintiff has suffered, and continues to suffer, damages in an amount to be proven at trial.

82. As a further proximate result of Defendants' conduct, Plaintiff has incurred expenses in order to clear title of the Property. Moreover, these expenses are continuing and Plaintiff will incur additional charges for such purpose until the cloud on Plaintiff's title to the Property has

- 12 -

been removed.  The amounts of the future expenses and damages are not ascertainable at this time.

83. As further directed and a proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries to her health and well-being, and continues to suffer such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

84. At the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false yet created and published them with the malicious intent to injure Plaintiff and deprive her of her exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means.

85. The conduct of the Defendants in publishing the documents described above was fraudulent, oppressive, and malicious.  Therefore Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Defendants for their malicious conduct and deter such misconduct in the future.

### THIRD CAUSE OF ACTION
### QUIET TITLE
### (Against All Defendant and Does 1 - 100)

86. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. Plaintiff is entitled to equitable relief by a judicial decree and order declaring Plaintiff to be the title owner of record of the Property located at

> 2912 Hot Cider
> Las Vegas, NV 89031
> APN #124-32-415-039

to the effective date of said cancellation, and quieting Plaintiff's title therein and thereto subject only legitimate liens and encumbrances as the Court may deem void, and avoiding any liens or encumbrances upon the Property created by Defendants or by any of them.

88.   Plaintiff desires and is entitled to a judicial declaration quieting title as of the date on which is loan transaction was consummated.

### FOURTH CAUSE OF ACTION
### DECLARATORY RELIEF
### (Against all defendants and Does 1 – 100)

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90.  An actual controversy has arisen and now exists between Plaintiff and Defendants

concerning their respective rights and duties regarding the Note and Trust Deed.

91.  Plaintiff contends that pursuant to the Loans Defendants do not have authority to foreclose upon and sell Property.

92. Plaintiff is informed and believes and upon that basis alleges that Defendants dispute Plaintiff's contention and intend that they may properly foreclosure upon the Property.

93. Plaintiff therefore requests a judicial determination of **HER** rights and Trial by Jury, According to Nevada State Constitution, is a Court that functions pursuant to **Article III Section 2 of the Federal Constitution** where all officers of the court are bound and abide by their required Oaths of Office and all laws pursuant to the Constitution are upheld including the Bill of Rights and all aspects of due process of law.

94.  Plaintiff requests a determination of the validity of the Trust Deeds as of the date the Notes were assigned without a concurrent assignation of the underlying Trust Deeds.

95. Plaintiff requests a determination of the validity of the NOD.

96. Plaintiff requests a determination of whether any Defendant has authority to foreclose on the Property.

### FIFTH CAUSE OF ACTION
#### Unjust Enrichment/Quasi-Contract as to Defendant

### WORLD SAVINGS BANK

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. Plaintiff is informed and believes and thereon alleges that Defendant WELLS FARGO BANK has unjustly enriched itself by collecting insurance payments against the Plaintiffs' promissory note at the detriment to the Plaintiffs who paid for said policies out to the funds used to fund the Plaintiffs' loan and not properly crediting the funds to the Plaintiffs' account.

99.     As a proximate result of Defendants' action, Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

### SIXTH CAUSE ACTION
#### (*Per se* violation of unfair and deceptive trade practices)

100.     Plaintiff repeats and realleges and incorporates by reference all the preceding paragraphs.

101.    Chapter 598 and 589A of the Nevada Revised Statutes were enacted to protect the citizens of the State of Nevada from unfair and deceptive trade practices by setting forth a statutory scheme to prevent an entity from knowingly misrepresenting the legal rights, obligations or remedies of a party to a transaction. Plaintiff is a member of that protected class being a citizen of the State of Nevada.

102.    Defendants engaged in a deceptive trade practice when they knowingly misrepresented the legal rights, obligations or remedies of a party to a transaction in violation of NRS 598.092 (8).

103.    The Plaintiff has a real interest in the obligations secured by the Note and DOT, which Defendants are attempting to deceive the Plaintiff into a false believe that the Defendants have strictly complied with the requirements to perfect a nonjudicial foreclosure by misrepresenting their legal right to the transaction. The facts stated above demonstrate the Defendants have not complied with the requirements of Chapter 107 of the NRS.

104.    Defendant National Default Servicing was and is a complete stranger to the Deed of Trust and Note when it attempted to foreclose Plaintiff's interest in her real property by signing a NOD when National Default Servicing did not have proper assignment and had no legal right to act as the trustee under the DOT.

105.    Plaintiff is afforded the protections provided for under NRS 598.210A based upon an injury to her real property and herein request all relief granted in the form of a permanent injunction against the Defendants from engaging in a nonjudicial foreclosure, and for reasonable attorneys' fees together with costs and treble damages according to proof.

106.    As direct and proximate result of the Defendants engaging in a deceptive trade practice when they knowingly misrepresented the legal rights, obligations or remedies of the Plaintiff in her transactions with the true Note Holder by acting as if they had a valid interest in the Note and DOT thereby intentionally violating NRS 598.092.

107.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

108.    On October 1, 2010, the AG similarly request that a J.P. Morgan Chase stop foreclosure States.

109.    On or about October 11, 2010, BAC announced that it is temporarily halting

- 15 -

foreclosures nationwide.

110.  The impetus of these necessary but drastic measures stems from allegations of documents fraud on part of the banks and their services. This epidemic is not limited to the banks listed above, but is an industry wide problem.

111.  During the sanitization era, Banks and the resulting trust, in the rush to securitized mortgages and sell those to investors routinely ignored the critical step of obtaining mortgage assignments from the original lenders to the securities companies to the trusts.

112.  Now years later, when the companies "servicing" the trust need to foreclosure, and there are no documents available to document the proper chain of the title because none were originally created. As a result, banks are creating the missing documents or outsourcing the documents to companies like Lender processing Services to produce the needed assignments. This practice was admitted by deposed bank executives such as GMAC's Jeffrey Stephen who admitted in sworn deposition testimony to signing more than 500 documents a day and up to 10,000 a month related to foreclosures without reviewing them.

113.  Due to the strict timelines and guidelines to complete a foreclosure, banks are also fabricating other documents to comply with foreclosure guidelines.

114.  The impact of these allegations is so cogent that Old Republic National Title Company will no longer insure the title on homes foreclosed by J.P. Morgan Chase or GMAC, Mortgage

115.  AB 284,Nevada State Legislature oct.1,2012 makes it clear you have to have the assignments, the endorsements.

116 .As further proof of the unlawful business practices, other state legislatures have taken steps to make the process more transparent (see Arizona State Senate Bill 1259, requiring non-originating foreclosure lenders to produce full chain of title to verify ownership)

117 .Other states have taken lead to void foreclosures sales by parties who lack standing to foreclose. See, e.g. U.S Bank *Nat. Assn. 's v. Ibanez* (2011) 941 N.E. 2d 40. Most recently, an Alabama Circuit recognized the legal ramifications regarding the failure of banks and their trustees to properly transfer the Notes and Deeds of Trust. In Phyllis Horace v. La Salle Bank National Association Et Al, 57-cv-2008-00362.00, the Alabama Circuit Court not only sided with the homeowner this exact issue; the court issued an order <u>permanently enjoining</u> the defendant trust, La Salle Bank National Association, from foreclosing on the plaintiffs house because La Salle failed under California law and its own Pooling and Servicing Agreement to properly mortgage note on the plaintiffs home; *In Pasillas v. HSBC Bank USA 127* Nev. Adv. Op. 39; The Nevada Supreme Court, in a very long footnote discussing and endorsing the

Massachusetts Supreme Judicial Court's ruling in *Ibanez v. us Bank:* "We agree with the rationale that valid assignments are needed when the beneficiary of a deed of trust seeks to foreclose on a property"

118. In permanently foreclosure on the home by Defendants, the Court did not mince words: "First, the court is surprised to the point of the astonishment that the defendant (LaSalle National Association) did not comply with the terms of its own Pooling and Servicing Agreement and further did not comply California Law in attempting to obtain of plaintiff Horace's note and mortgage. Second, plaintiff Horace is a third party beneficiary of the Pooling and Servicing Agreement creating by the defendant trust (LaSalle Bank National Association). Indeed without such a Pooling Servicing Agreements, Plaintiff Horace and other mortgages similarly situated would never have able to obtain financing."

119. If Substitution of Trustee is not valid, the resulting sale is void and no requirement for tender, as Defendant alleges is owed, is required. See *Dimrock v Emerald Properties,* 81 Cal.App.4[th] 868, 97 (2000) and Pro Value Properties v. Quality Loan Service Corp., 170. Cal.App.4[th] 579 (2009).

120. Plaintiff is informed and believes, and therefore alleges, that Defendants, and each of them, engaged in unlawful, unfair or fraudulent business acts or practices and unfair, deception untrue or misleading advertising in violation, rising to unfair and deceptive business practices.

121. The above specified Defendants and each of them their business practices, fraudulently and knowingly procured or offered false or fraudulently prepared documents to fabricate the missing gaps in the chain of title or to falsely demonstrate compliance with the law PSA state law Regulations related to non-judicial foreclosure and The members of the public are likely to be deceived by this unlawful, oppressive and fraudulent business practices.

122. The business practices of the above specified Defendants, each of them, were unlawful, deceptive and misleading. Each of them, knew their business practices were unlawful, deceptive, misleading and fraudulent at the time there were so engaged.

123. As a direct and proximate result of the unfair business practices of the above specified Defendants, and each of them, as herein allege, Plaintiff has incurred damages in that Plaintiff's Home was wrongfully foreclosed and that hands of the above specified Defendants, and each of them, all by reason of which Plaintiff has been damaged in that at least the sum of the jurisdictional amount of which this Court, plus interest, attorney's fees and costs, and additional amounts according to proof at time if trial

- 17 -

124. As a further direct and proximate result of the unfair business practice of the above specified Defendants, and each of them Plaintiff is entitled to an order or preliminary injunction prohibiting said Defendants, and each of them, attempting to take possession, or causing additional hardship to Plaintiff with regards to her Home. The Plaintiff, Dimitritza Toromanova is asking the court to allow her to amend the complaint when there is no "undue delay, bad faihth[,] dilatory motive on the part of the movant…undue prejudice to the opposing party by virtue of… the amendments,[or] futility of the amendment…FRCP.15(a);Foman v. Davis,371 U.S.178,182,83S.Ct.227,9L.Ed.2d222 (1962)

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prayers for the following relief for each Cause of Action to be awarded:

### FIRST CAUSE OF ACTION

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages in the amount to be determined by proof at trial;
5. For Restitution as allowed by law;

### SECOND CAUSE OF ACTION

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined at proof in trial
4. For Punitive Damages as allowed by law;
5. As Restitution as allowed by law;

### THIRD CAUSE OF ACTION

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to be determined by proof at trial;
3. For General Damages in an amount to be determined by proof at trail
4. For Punitive Damages as allowed by law;
5. For Restitution as allowed by law;

### FOURTH CAUSE OF ACTION

1. For Compensatory Damages in an amount to be determined in trial;
2. For Special Damages in an amount to be determined in trial;
3. For General Damages in an amount to be determined in trial;

4. For Punitive Damages in an amount to be determined in trial;
5. For restitution as allowed by law

## FIFTH CAUSE OF ACTION

1. For Compensatory Damages in an amount to be  determined by proof at trial;
2. For Special Damages in an amount to be  determine by proof at trial;
3. For General Damages in an amount to be determined by proof at trial;
4. For Punitive Damages in an amount to be determined by proof at trial;
5. For Restitution as allowed by law

## SIXTH CAUSE OF ACTION

1. For Compensatory Damages in an amount to be determined by proof at trial;
2. For Special Damages in an amount to determined by proof at trial;
3. For General Damages in an amount to be determines by proof at trial;
4. For the Punitive Damages in an amount to be determined by proof at trial;
5. For Restitution as allowed by law;
6. For the Declaratory; Relief, including but not limited to the following Decrees of this Court that:
   a. Plaintiff is the prevailing;
   b. The Trustees of the Trust have no enforceable secured or unsecured claim against the Property;
   c. The Depositor has no enforceable secured or unsecured claim against the Property;
   d. The Mortgage Originator has no enforceable secured or unsecured claim against the Property;
   e. For Fees and Costs of this action.
   f. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

Without recourse.

Dimitritza Toromanova

july 18. 2012

- 19 -

1
2
3
4
5
6
7
8
9
10

**VERIFICATION**

11
12  STATE OF NEVADA   )
13                             ) ss
     COUNTY OF CLARK  )
14
15       I, Dimitritza Toromanova, the Plaintiff in this action have read the Complaint and hereby
16  verify that the above stated information demonstrating my ownership interest in the subject
17  matter set forth in this Complaint is true and correct, except that the allegation relating to
18  Defendants' action are based upon information and belief to the best of my ability to
19  comprehend. I am signing this Verification under the penalty of perjury under the laws of the
20  State of Nevada.
21
22          NOTARY PUBLIC
              STATE OF NEVADA
23              County of Clark
              WILLIAM M. TAYLOR
     No: 03-84317-1
24   My Appointment Expires Oct. 2, 2015

_Dimitritza Toromanova_

25  **SUBSCRIBED and SWORN** to before me
26  this 18 day of July, 2012
27
28  _[signature]_
29  Notary Public in and for said
     County and State.
30
31
32

- 20 -

Inst #: 201206080001682
Fees: $20.00
N/C Fee: $0.00
06/08/2012 01:53:54 PM
Receipt #: 1191800
Requestor:
DIMITRITZA TOROMANOVA
Recorded By: CDE   Pgs: 4
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

## RECORDING COVER PAGE

Must be typed or printed clearly in black ink only.

APN# 124-32-415-039

11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx

### TITLE OF DOCUMENT   (DO NOT Abbreviate)

1. AFFIDAVIT OF DIMITRITZA TOROMANOVA

**Title of the Document on cover page must be EXACTLY as it appears on the first page of the document to be recorded.**

**Recording requested by:**

Dimitrita toromanova

**Return to:**

Name  Dimi Toromanova

Address  Po box 19153

City/State/Zip  Las Vegas, NV, 89032

This page provides additional information required by NRS 111.312 Sections 1-2.

An additional recording fee of $1.00 will apply.

To print this document properly—do not use page scaling.

P:\Recorder\Forms 12_2010

# AFFIDAVIT OF DIMITRITZA TOROMANOVA

STATE OF NEVADA            )
                                       ) *ss*
COUNTY OF CLARK         )

        Comes now, Dimitritza Toromanova, your Affiant, being competent to testify and being over the age of 21 years of age, after first being duly sworn according to law to tell the truth to the facts related herein states that he has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of his knowledge.

1. That your Affiant is one of the People of these united States of America, being a creation of God and domiciled in one of the several States.
2. Your Affiant is a living, breathing, sentient being on the land, a Natural Person, and therefore is not and cannot be any ARTIFICIAL PERSON and, therefore, is exempt from any and all identifications, treatments, and requirements as any ARTIFICIAL PERSON pursuant to any process, law, code, or statute or any color thereof.
3. Your Affiant notices that in these united States of America, the authority of any and all governments resides in the People, the Natural Persons, of the land, for government is a fiction of the mind and can only be created by the People, effected by the People, and overseen by the People for the benefit of only the People.
4. Your Affiant at all times claims all and waives none of his God given inherent, unlimited, unalienable, secured and guaranteed Rights pursuant to the Declaration of Independence and the Constitution of the united States of America as ratified 1791 with the Articles of the Amendments.
5. Your Affiant notices that pursuant to the Constitution of the united States of America as ratified 1791 with the Articles of the Amendments, Article VI paragraph 2, "This Constitution and the Laws of the united States which shall be made in Pursuance thereof; and all Treaties made, under the authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding".
6. Your affiant notices, that as a matter of their lawful compliance to the referenced Constitution, any of the People, while functioning in any Public capacity, in return for the trust of the other People, are granted  limited delegated authority of and by the People, with specific duties delineated  in accordance thereof,  shall only do so pursuant to a lawfully designated,  sworn and subscribed Oath of Office and with any and all bonds and other requirements thereof, to ensure their faithful performance to the other People.

7. Your Affiant notices that the only court lawfully authorized by the People pursuant to said Constitution to hear matters in controversy of the People, civil or criminal, is a court that conforms to and functions in accordance with Article III Section 2 of said Constitution in which all officers of the court have and abide  by their sworn and subscribed oaths of office supporting and defending the Rights of the People, and in which all matters are heard in accordance with all aspects of due process of law and only Trial by jury and in keeping with the Amendments V, VI, and VII.

8. Your Affiant notices that pursuant to this supreme Law of the Land and the God given Rights secured and guaranteed therein, said Constitution is established to ensure that the dominion granted by God to all People, on this land, shall endure, and ensure forever that this People on this land be free from any and all slavery, indenturement, tyranny, and oppression under color of any law, statute, code, policy, procedure, or of any other type

9. Your Affiant further notices that pursuant to said Constitution, Affiant cannot be compelled, manipulated, extorted, tricked,  threatened, placed under duress, or coerced, or so effected by any Natural Person, who individually, or in any capacity as or under any Artificial Person, agency, entity, officer, or party, into the waiving of any of Affiant's Rights or to act in contradiction thereof, or to act in opposite of the moral conscience and dominion granted  Affiant by God, nor can Affiant be deprived of any of these Rights, privileges, and immunities except by lawful process in accordance with said Constitution, without that Natural and/or Artificial Person, in whatever capacity, in so doing, causing injury to your Affiant and thereby committing numerous crimes, requiring lawful punishment therefrom.

Further, Affiant sayeth naught.

_Dimitritza Toromanova_, One of the People

Before me, _Kathryn A. Shortledge_, a Notary Public duly authorized by the State of _NEVADA_, personally appeared Dimitritza Toromanova, who has sworn to and subscribed in my presence, the foregoing document, on this _8_ th day of _June_ in the Year 2012.

KATHRYN A. SHORTLEDGE
Notary Public State of Nevada
No. 06-104367-1
My Appt. Exp. May 24, 2014

_Kathryn A. Shortledge_
Notary Public

Inst #: 201102140001640
Fees: $14.00
N/C Fee: $0.00
02/14/2011 12:01:26 PM
Receipt #: 676153
Requestor:
DIMI TOROMANOVA
Recorded By: MGM  Pgs: 1
DEBBIE CONWAY
CLARK COUNTY RECORDER

Assessor Parcel Number: **124-32-415-039** ___ OR

Assessor's Manufactured Home ID number _____

---

**Declaration of Homestead (Check One)**

| ____ Married (filing jointly) | ____ Married (filing individually) |
| ____ Head of Family | ____ Widowed |
| ____ Multiple Single Persons | **X** Single Person |
| ____ By Wife (filing for joint benefit of both) | |
| ____ By Husband (filing for joint benefit of both) | |
| ____ Other: (Describe)_____ | |

**A. (Check One)**

**X** Regular Home Dwelling/Manufactured Home ____ Condominium Unit ____ Other

Name on Title of Property **DIMITRITZA TOROMANOVA**

Do individually or severally certify and declare as follows: **DIMITRITZA TOROMANOVA**

is/are now residing on the land, premises (or manufactured home) located in the City of **N. LAS VEGAS**

County of _____, State of Nevada, and more particularly described as follows:

(set forth legal description and commonly known street address OR manufactured home description)

**B. I** I/We claim the land and premises hereinabove described, together with the dwelling house thereon, and its appurtenances, or the described manufactured home as a Homestead.

**C. (Check One)**

**X** (1) No former Declaration of Homestead has been made by me, or us, or either of us.

____ (2) This Declaration constitutes an abandonment of the former Declaration recorded _____

In Witness, Whereof, I/We have hereunto set my hand/our hands this **14** day of **FEB**, 20 **11**.

_Dimitriza Toromanova_ (Signature)

**DIMITRITZA TOROMANOVA** (Signature)

(Print or type name here)                    (Print or type name here)

STATE OF <u>NEVADA</u>)

COUNTY OF <u>CLARK</u>)

This instrument was acknowledged before me on **Feb 14 2011**

~~Dro~~ **Dimitritsa Toromanova** (date)

(Person(s) appearing before notary)

_Sharonjoy S. Colley_ (Signature of notarial officer)

My commission expires: **Nov 30, 2014**

SHARONJOY S. COLLEY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 11-30-14
Certificate No: 07-1702-1

**CONSULT AN ATTORNEY IF YOU DOUBT THIS FORM'S FITNESS FOR YOUR PURPOSE.**

---

Recording Requested by and Mail to:

Name: **DIMI Toromanova**

Address/City State/Zip:

**Po Box 19153, LV NV 89132**

This form provided as a courtesy to the taxpayer by: M. W. Schofield, Clark County Assessor.
The Assessor's Office assumes no liability for the completion of the Homestead Declaration.

Inst #: 201202070003223

Fees: $21.00 N/C Fee: $25.00
RPTT: $0.00 Ex: #003
02/07/2012 03:54:12 PM
Receipt #: 1059591
Requestor:
DIMITRITZA TOROMANOVA
Recorded By: SAO   Pgs: 7
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

**RECORDING REQUESTED BY:**

Dimitritza: TOROMANOVA

**AND WHEN RECORDED MAIL TO:**

Dimitritza: TOROMANOVA
P.O. Box 19153
Las Vegas, Nevada 89132

APN: 124-32-415-039

**RE-RECORDED**

THIS SPACE FOR RECORDER'S USE ONLY

TITLE OF DOCUMENT

QUITCLAIM DEED

Previously recorded on 03/07/2006, Record #T2006004067

Re-Recording to add Grantee Acknowledgement and Acceptance of Quitclaim
Deed

Attached:

    1. Original Quitclaim Deed

    2. Exhibit "A" Acknowledgement and Acceptance

    3. Exhibit "B" Notary Authentication Certificate

ORDER #: 5115008705-PP
TITLE #: 5115008705-PP

APN: 124-32-415-039
Return to
DIMITRITZA TOROMANOVA
2912 HOT CIDER AVENUE
NORTH LAS VEGAS, NV 89031

MAIL TAX STATEMENTS TO

Same as above                          1b    (b-1)

SPACE ABOVE THIS LINE FOR RECORDER'S USE

20060307-0003636

Fee: $15.00        RPTT: EX#003
N/C Fee: $0.00

03/07/2006              14:37:12
T20060040667
Requestor:
    OLD REPUBLIC TITLE COMPANY OF NEVADA
Frances Deane                    ADF
Clark County Recorder    Pgs: 3

## QUITCLAIM DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Dimitritza Toromanova, a single woman hereby REMISE(S), RELEASE(S) AND FOREVER QUITCLAIM(S) to Dimitritza Toromanova, an unmarried woman, that property in Clark County, Nevada, described as:

See "Exhibit A" attached hereto and made a part hereof.

Dated March 2, 2006

Dimitritza Toromanova

_Toromanova_
DIMITRITZA    TOROMANOVA

State of Nevada
County of Clark

This instrument was acknowledged before me on 2nd day of March, 2006 by Dimitritza Toromanova.

_P. Perkins_
Signature of notarial officer

NOTARY PUBLIC
County of Clark-State of Nevada
P. PERKINS
No. 03-83068-1
My Appointment Expires May 16, 2007

Order No. : 5115008705-PP

EXHIBIT "A"

The land referred to is situated in the State of Nevada, County of Clark, City of North Las Vegas, and is described as follows:

Lot Thirty-Nine (39) in Block Two (2) of AUTUMN CHASE - UNIT III, as shown by map thereof on file in Book 110 of Plats, Page 31 and amended by that certain Certificate of Amendment recorded June 25, 2003 in Book 20030625 as Document No. 03485 in the Office of the County Recorder of Clark County, Nevada.

| STATE OF NEVADA | ) | GRANT, BARGAIN, SALE DEED |
| | ) | CERTIFICATE OF ACKNOWLEDGEMENT AND ACCEPTANCE |
| COUNTY OF CLARK | ) | |

I, Dimitritza the living woman, in the capacity of DIMITTRITZA TOROMANOVA am recorded as the "Grantee" on the deed for real estate described on the foregoing attached certified copy of said deed.

It is my freewill act and deed, to acknowledge my acceptance of the deed and lawful sole ownership of the property under the terms of the deed. I ask that the record on file in the office of the register of deeds be updated to show my acceptance of the deed, as GRANTEE of 2912 Hot Cider Avenue, North Las Vegas, Nevada 89031, and lawful ownership of the real estate, hereby completing the deed. Bouvier 1856 Law Dictionary states, "An acknowledged deed is evidence of soizin in the grantee, and authorizes recording it; Kellogg v. Loomis. 16 Gray (Mass.) 48".

All my other real property and interest issued for this real estate, and its gain is to be immediately returned to me. What's mine is mine; what's yours is yours.

I accept the oaths of all public officers and bind them to it as well as bestow my sovereign immunity on them while administering my lawful orders. This public record under seal of a competent court is guaranteed full faith and credit under Article 4, Section 1 of your constitution. Any public officer who does not immediately carry out these lawful orders acknowledges warring with the constitution and committing treason. So let it be written; so let it be done.

This is my freewill act and deed, under my hand and seal;

_____  FEB 7. 2012
                                                              Date
_____
Dimitritza: TOROMANOVA

_____
                                      Third Party Witness

_____
                                      Third Party Witness

| STATE OF NEVADA | ) | |
| | ss) | |
| COUNTY OF CLARK | ) | |

On this 07 day of February, 20 12 before me personally appeared Dimitritza: TOROMANOVA, known to be the living woman described in and who executed the foregoing instrument and acknowledged before me to have executed the same as their freewill act and deed.

Helen Callaway                                     2-7-2012
_____       _____
Notary Public Printed Name                    Date Signed

_____       Seal
Notary Public Signature

HELEN CALLAWAY
NOTARY PUBLIC STATE OF NEVADA
My Commission Expires: 01-28-2013
Certificate No: 05-96594-1

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   124-32-415-039

2. Type of Property
   a)☐ Vacant Land          b)☒ Single Fam. Res.
   c)☐ Condo/Twnhse        d)☐ 2-4 Plex
   e)☐ Apt. Bldg             f)☐ Comm'l/Ind'l
   g)☐ Agricultural          h)☐ Mobile Home
   ☐ Other_____

   ┌─────────────────────────────────────┐
   │ FOR RECORDER'S OPTIONAL USE ONLY     │
   │ Book: _____ Page: _____  │
   │ Date of Recording: _____   │
   │ Notes:                               │
   └─────────────────────────────────────┘

3. Total Value/Sales Price of Property
   Deed in Lieu of Foreclosure Only (value of property)          ( )
   Transfer Tax Value
   Real Property Transfer Tax Due                    16

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090,          Exempt 3
   b. Explain Reason for Exemption:  Reconize true status
      Change to unmarried woman

5. Partial Interest:  Percentage being transferred: _____%

   The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____ Capacity: Grantor _____

Signature _____ Capacity: Grantee _____

**SELLER (GRANTOR) INFORMATION**          **BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**                                    **(REQUIRED)**
                                           Dimitritza Toromanova
                                           2912 Hot Cider Ave.
                                           North Las Vegas, NV 89031

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**

Old Republic Title Company of Nevada
7710 W. Sahara, Suite 217
Las Vegas, NV 89117                        Escrow #:  5115008705-PP

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. _124-32-415-039_
   b. _____
   c. _____
   d. _____

2. Type of Property:
   | | | | |
   |---|---|---|---|
   | a. ☐ Vacant Land | b. ☒ Single Fam. Res. | | |
   | c. ☐ Condo/Twnhse | d. ☐ 2-4 Plex | | |
   | e. ☐ Apt. Bldg | f. ☐ Comm'l/Ind'l | | |
   | g. ☐ Agricultural | h. ☐ Mobile Home | | |
   | ☐ Other | | | |

   | FOR RECORDERS OPTIONAL USE ONLY |
   |---|
   | Book_____ Page:_____ |
   | Date of Recording: _____ |
   | Notes: |

3. a. Total Value/Sales Price of Property        $ _____
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:        $ _____
   d. Real Property Transfer Tax Due        $ _____

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section _3_
   b. Explain Reason for Exemption: _PREVIOUSLY RECORDED ON 03/07/2006_ _ACCEPTING THE DEED RECORD # + 2006 0004067_

5. Partial Interest: Percentage being transferred: _____ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _Dimitria Tzogravos_        Capacity: _GRANTOR_

Signature _____        Capacity: _____

**SELLER (GRANTOR) INFORMATION**
**(REQUIRED)**
Print Name: _Dimitria Tzogravos_
Address: _PO Box 19153_
City: _LV_
State: _NV_     Zip: _89132_

**BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**
Print Name: _Dimitria Tzogravos_
Address: _PO Box 19153_
City: _LV_
State: _NV_     Zip: _89132_

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**
Print Name: _____        Escrow # _____
Address: _____
City: _____        State: _____ Zip: _____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

1

2

3

**CERTIFICATE OF SERVICE**

4

5   This is to certify that I, Dimitrita Tragoms have forwarded this date of

6   July 18. 2012 _____ a true and correct copy of the above and foregoing document by

7   US Mail , postage fully prepaid to:

8

9   1) David Merrill

10   10161 Park Run Dr, su150

11   LV, NV, 89145

12

13   2) Gregory Wilde, Esq.

14   212 S Jones Blv.

15   LV, NV, 89107

16   3/ Wachovia Mortgage

17   P O Box 659558

18   San Antonio, Tx 78265

19

20   4. National City Bank

21   6750 Miller Rd.

22   Brecksville, OH, 44141

23

24   5. National Default Serv.Co.

25

26   6. Golden West Savings serv.

27   Co.

28

3