DAVID J. MERRILL
Nevada Bar No. 6060
MORGAN F. SHAH
Nevada Bar No. 12490
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com
Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; WORLD SAVINGS BANK, FSB; NATIONAL CITY MORTGAGE; NATIONAL DEFAULT SERVICING CORP; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:12-cv-00328-GMN-(CWH) |

**WELLS FARGO BANK, N.A.'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") moves this court for an order dismissing the plaintiff's, Dimitritza Toromanova ("Toromanova"), Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Wells Fargo bases this motion on the following memorandum of points and authorities, the papers on file with this Court, including the Amended Complaint, any documents incorporated by reference or attached

to the Amended Complaint, recorded documents which the Court may take judicial notice of, and any oral argument that this Court may entertain.

DATED this 6th day of August 2012.

DAVID J. MERRILL, P.C.

By: ______________________
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Toromanova commenced this action by filing a complaint in state court on February 10, 2012. After removing the action to this Court, Wells Fargo filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On June 25, 2012, this Court entered an Order granting Wells Fargo's motion without leave to amend as to Wells Fargo. Nevertheless, Toromanova subsequently filed an Amended Complaint that includes numerous claims against Wells Fargo. However, because Toromanova's claims against Wells Fargo were dismissed twice previously, Toromanova's claims are barred by *res judicata*. Accordingly, Wells Fargo respectfully requests that this Court grant its motion to dismiss the amended complaint and enter an order dismissing Toromanova's claims with prejudice.

### II. STATEMENT OF FACTS

The property involved in this action is located at 2912 Hot Cider Avenue, North Las Vegas, Nevada 89031 (the "Property"). In March 2006, Toromanova executed an Adjustable Rate Mortgage Note Pick-A-Payment Loan (the "Note") and Deed of Trust in favor of World

Savings Bank, FSB ("World Savings") for $288,000.[1] The lender and beneficiary of the Deed of Trust was World Savings.[2]

On or about December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB ("Wachovia Mortgage").[3] Effective November 1, 2009, Wachovia Mortgage merged with and into Wells Fargo Bank, N.A. and is now known as Wachovia Mortgage, a Division of Wells Fargo Bank, N.A.[4] Wachovia Mortgage (and its predecessor, World Savings) was a federal savings bank regulated by the Office of Thrift Supervision ("OTS").[5]

On August 27, 2010, a Notice of Default and Election to Sell Under Deed of Trustee (the "Notice of Default") was recorded.[6] At that time, Toromanova was $25,840.85 in arrears.[7] Toromanova failed to cure the default and did not elect to participate in the Nevada Foreclosure Mediation Program.[8] Consequently, a Notice of Trustee's Sale was recorded on January 26, 2011.[9] The trustee's sale was scheduled to take place on February 16, 2011.[10] However, on

---

1 *See* Deed of Trust (Doc.1-2 at 17), attached to the Petition for Removal (the "Petition") as Exhibit A; *see also* Note (Doc. 5-1), attached to Wells Fargo Bank, N.A.'s Opposition to Plaintiff's Motion for Preliminary Injunction (the "Opp. to Mot. for Prelim. Inj.") as Exhibit 1.

2 *See* Deed of Trust at 1.

3 *See* Federal Deposit Insurance Corporation notice and history of World Savings Bank's name change to Wachovia Mortgage (Doc. 5-2), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 2. Wells Fargo respectfully requests that the Court take judicial notice of the notice and history of World Savings Bank's name change to Wachovia Mortgage, as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2 (N.D.Cal. May 17, 2011).

4 *See* Official Certification of the Comptroller of the Currency regarding merger (Doc. 5-3), a copy of which is attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 3. Wells Fargo respectfully requests that the Court take judicial notice of the Official Certificate of the Comptroller of the Currency as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2.

5 *See* Charter of Wachovia Mortgage (Doc. 5-4), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 4. Wells Fargo respectfully requests that the Court take judicial notice of the Charter of Wachovia Mortgage as it is a "document reflecting official acts of the executive branch of the United States and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence." *Gonzalez v. Wells Fargo Bank, FSB*, No. C11-00247, 2011 WL 1877219, at *1 n.2.

6 *See* Notice of Default (Doc. 1-2 at 33), attached to the Petition as Exhibit A.

7 *Id.*

8 *See* Mediation Certificate (Doc. 5-5), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 5.

9 *See* Notice of Trustee's Sale (Doc. 5-6), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 6.

December 17, 2010, Toromanova filed a Complaint with this Court against Wells Fargo and others concerning the Property.[11] In addition, Toromanova recorded a Notice of Lis Pendens on February 14, 2011.[12] Upon Wells Fargo's motion, the Court dismissed Toromanova's complaint and released the *lis pendens* in an order dated August 17, 2011.[13] Accordingly, another Notice of Trustee's Sale was recorded on September 1, 2011 and a sale was scheduled for October 3, 2011.[14] A Trustee's Deed Upon Sale was recorded on October 11, 2011.[15]

Undeterred by this Court's prior dismissal of her action, on February 10, 2012, Toromanova filed another complaint, this time in state court, and also filed a Motion for Preliminary Injunction.[16] The state court did not take any action regarding the Motion for Preliminary Injunction.[17] Wells Fargo removed the action to this Court on February 29, 2012.[18] On March 1, 2012, Wells Fargo filed its Opposition to Toromanova's Motion for Preliminary Injunction (Doc. 5). On March 9, 2012, this Court entered an order denying Toromanova's Motion for Preliminary Injunction (Doc. 10).

On March 7, 2012, Wells Fargo filed a Motion to Dismiss and Expunge Lis Pendens (the "Motion to Dismiss") (Doc. 7).

On June 4, 2012, Toromanova filed an Ex Parte Application for Stay of Enforcement of Temporary Writ of Restitution in Unlawful Detainer Action and Preliminary Injunction (the "Application") (Docs. 18 and 19). On June 21, 2012, Wells Fargo filed its Opposition to the Application (Doc. 20).

---

10 *Id.*

11 *See* Quo Warranto Complaint (Doc. 1), Case No. 2:10-cv-02193-PMP-(GWF).

12 *See* Notice of Lis Pendens (Doc. 5-7), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 7.

13 *See* Order (Aug. 17, 2011) (Doc. 21), Case No. 2:10-cv-02193-PMP-(GWF).

14 *See* Notice of Trustee's Sale (Doc. 1-2 at 36), attached to the Petition as Exhibit A.

15 *See* Trustee's Deed Upon Sale (Doc. 5-8), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 8.

16 *See generally* Compl. (Doc. 1-2); *see also* Mot. for Prelim. Inj. (Doc. 4-3 at 6).

17 *See* State Court Docket (Doc. 5-9), attached to the Opp. to Mot. for Prelim. Inj.as Exhibit 9.

18 *See generally* Petition.

On June 25, 2012, the Court entered an Order denying the Application and granting Wells Fargo's Motion to Dismiss, concluding that *res judicata* barred Toromanova's claims.[19] The Court further dismissed with prejudice Toromanova's first and second causes of action, but granted Toromanova leave to amend her third and fourth causes of action against NDSC.[20] The Court did not permit Toromanova to assert new claims against Wells Fargo.[21]

Nevertheless, again undeterred by this Court's orders, on July 18, 2012, Toromanova filed an Amended Complaint (Doc. 22) that purports to add defendants and again attempts to plead numerous claims against Wells Fargo. However, as this Court previously concluded, *res judicata* bars Toromanova's claims and Toromanova still fails to state a claim upon which relief can be granted. Accordingly, the Court should again enter an order dismissing Toromanova's claims against Wells Fargo with prejudice.

## III. ARGUMENT

### A. Rule 12(b)(6) Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.[22] To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."[23]

While a court considering a motion to dismiss must accept as true the allegations of the complaint in question,[24] must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor,[25] the allegations must be

---

[19] *See* Order (Jun. 25, 2012) (Doc. 21).

[20] *Id.*

[21] *Id.*

[22] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

[23] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[24] *Hosp. Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976).

[25] *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

factual in nature.[26] Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[27]

The Ninth Circuit follows the methodological approach set forth in *Iqbal* for the assessment of the Complaint:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[28]

A district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are 'matters of public record' of which the court may take judicial notice pursuant to Federal Rule of Evidence 201.[29]

**B. <u>Toromanova's claims are barred by *res judicata.*</u>**

On December 17, 2010, Toromanova filed her first complaint against Wells Fargo, and others, concerning the subject property with this Court.[30] However, Toromanova's complaint did not contain a discernable cause of action.[31] Upon Wells Fargo's motion, this Court entered an order dismissing the complaint and expunging the *lis pendens* on August 17, 2011.[32] Toromanova later filed another complaint concerning the subject property against Wells Fargo in state court, which Wells Fargo removed to this Court.[33] Upon Wells Fargo's Motion to Dismiss, this Court entered an order dismissing Toromanova's claims against Wells Fargo as barred by

---

26 *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

27 *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

28 *Moss v. U.S. Secret Service,* 572 F.3d 962, 970 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950).

29 *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2005).

30 *See* Quo Warranto Complaint (Doc. 1), Case No. 2:10-cv-02193-PMP-(GWF).

31 *Id.*

32 *See* Order (Aug. 17, 2011) (Doc. 21), Case No. 2:10-cv-02193-PMP-(GWF).

33 *See* Compl.; *see also* Petition.

*res judicata.*[34] Nevertheless, Toromanova includes a myriad of claims against Wells Fargo in her Amended Complaint. Because this Court twice dismissed Toromanova's claims against Wells Fargo, the Court should enter an order dismissing the Amended Complaint as to Wells Fargo as *res judicata* bars Toromanova's claims.[35]

### C. Toromanova fails to state a claim upon which relief can be granted.

#### 1. Toromanova lacks standing to challenge the foreclosure as she has failed to tender the amount due on the Note.

To contest the validity of a foreclosure action, the borrower must tender the undisputed amount due and payable to the lender on the secured debt.[36] Notably, the "tender rule" applies to any cause of action regarding irregularities in the sales procedure.[37] Should a defaulted borrower seek equitable judicial relief, the borrower must first "do equity" himself.[38] "The essential requisites of tender are: (1) An unconditional offer to perform, coupled with a manifested ability to carry out the offer; (2) A production of the subject matter of the contract; (3) The property tendered must not be less than what is due; and (4) If greater, there must be no demand for a return of the excess."[39] Importantly, courts enforce the tender rule strictly and have denied relief even when financial hardship prevents a borrower from tendering payment.[40] Here, as set forth in Wells Fargo's prior Motion to Dismiss, Toromanova does not allege that she paid the amount due on her loan, nor does she indicate that she is even willing to do so.[41] Accordingly,

---

34 *See* Order (Doc. 21).

35 *See Huggins v. Bank Deutsche Nat'l Tr Co Trs*, 2011 WL 2976818, *2 (D. Nev. Jul. 21, 2011) ("Fed. R. Civ. P. 41(b) provides that any dismissal, except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as a final judgment on the merits").

36 *See Abdallah v. United Sav. Bank*, 51 Cal. Rptr. 2d 286, 292 (Cal. Ct. App. 1996).

37 *Id.*

38 *See NOLM, LLC v. County of Clark*, 100 P.3d 658, 663 (Nev. 1987).

39 *Guy F. Atkinson co. v. Commissioner of IRS*, 814 F.2d 1388, 1393 (9th Cir. 1987).

40 *See Karlsen v. Am. Sav .& Loan Ass'n*, 92 Cal. Rptr. 851, 854–55 (Cal. Ct. App. 1971); *see also Kraemer v. Kraemer*, 382 P.2d 394, 396 (Nev. 1963) (denying recovery of property despite evidence of fraud and procedural irregularities because plaintiff could not afford to redeem the property); *Hill v. Filsoof*, 618 S.E.2d 12, 14 (Ga. Ct. App. 2005) ("[n]either fraud nor poverty constitute an equitable excuse for failure to tender").

41 *See generally* Am. Compl.

Toromanova lacks standing to challenge the foreclosure and the Court should enter an order dismissing Toromanova's Amended Complaint.

**2. As the holder of the Note and beneficiary of the Deed of Trust, Wells Fargo was entitled to foreclose on the Property.**

In her Amended Complaint, Toromanova continues to rely on the false premise that the Note and/or the Deed of Trust was or were improperly transferred or assigned and, therefore, Wells Fargo did not have a right to foreclose on the Property. However, as explained in Wells Fargo's prior Motion to Dismiss, the beneficiary of the Deed of Trust is identified in the trust document as "Lender," and "Lender" is defined as "World Savings Bank, FSB."[42] Although the original "Lender," World Savings Bank, FSB ("World Savings"), no longer exists, Wells Fargo provided judicially noticeable documents showing that World Savings underwent a series of duly noticed and officially acknowledged name changes, via merger, name change or acquisition, to become Wachovia Mortgage, a division of Wells Fargo Bank, N.A.[43] As the successor in interest to World Savings, Wells Fargo is the beneficiary entitled to foreclose upon the property.

Rather than accept the simple truth that her loan never left the originator's hands, Toromanova alleges repeatedly that Wells Fargo violated an unidentified Pooling and Servicing Agreement by failing to properly endorse or assign the Note or the Deed of Trust to a mortgage pooling trust which Toromanova's loan was purportedly transferred to.[44] However, Toromanova fails to allege any facts to support her assumption that the loan was securitized or transferred in any way.[45] Indeed, as evidenced by the documents themselves, and even according to Toromanova's own allegations, neither the Note nor the Deed of Trust was ever assigned.[46]

---

42 *See* Deed of Trust at 1-2.

43 *See* Federal Deposit Insurance Corporation notice and history of World Savings Bank's name change to Wachovia Mortgage (Doc. 5-2), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 2; Official Certification of the Comptroller of the Currency regarding merger (Doc. 5-3), a copy of which is attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 3; Charter of Wachovia Mortgage (Doc. 5-4), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 4.

44 *See, e.g.,* Am. Compl. at ¶¶ 4, 17-24.

45 *See generally* Am. Compl.

46 *See* Note; Deed of Trust; *see also* Am. Compl. at ¶ 18.

Therefore, Wells Fargo had the right to foreclose upon the Property in satisfaction of the Note. Accordingly, Wells Fargo (1) did not misrepresent to Toromanova that it was entitled to exercise the power of sale granted by the Deed of Trust,[47] (2) did not intentionally inflict emotional distress on Toromanova by "fraudulently attempting to foreclosure (sic.) on a property in which they have no right, title or interest,"[48] (3) did not commit slander of title by foreclosing on the Property,[49] and (4) did not violate Nevada's Deceptive Trade Practices statutes by foreclosing on the property.[50] Consequently, the Court should dismiss the Amended Complaint with prejudice.

**3. Toromanova's claim for unjust enrichment fails as a matter of law.**

The only claim in Toromanova's Amended Complaint that does not appear to rely solely on her theory that Wells Fargo is not entitled to enforce the Note is Toromanova's claim for unjust enrichment.[51] "The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another or should pay for."[52] However, Toromanova fails to allege facts that, if true, would establish that there was no contract, or that she is entitled to any insurance proceeds Wells Fargo allegedly received.[53] Therefore, Toromanova's claim for unjust enrichment fails as a matter of law.

---

47 *See* Am. Compl. at ¶ 60.

48 *Id.* at ¶ 69.

49 *Id.* at ¶ 80.

50 *Id.* at ¶ 103.

51 *Id.* at ¶ 98.

52 *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,* 113 Nev. 747, 756, 942 P.2d 182, 187 (1997) (quoting 66 Am.Jur. 2d Restitution § 11).

53 *See generally* Am. Compl.

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court grant its Motion and enter an order dismissing Toromanova's claims with prejudice.[54]

DATED this 6th day of August 2012.

DAVID J. MERRILL, P.C.

By: ______________________

DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

---

[54] *See Kendall v. Visa USA, Inc.,* 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 6th day of August 2012, service of the foregoing Motion to Dismiss Amended Complaint was made to all counsel in the action through the Court's CM/ECF system. In addition, service was made to the plaintiff by placing a copy in the United States Mail, postage prepaid and addressed to the following at her last known address:

Dimitritza Toromanova
2912 Hot Cider Avenue
North Las Vegas, Nevada 89031

______________________________
An employee of David J. Merrill, P.C.