GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
**TIFFANY & BOSCO, P.A.**
212 S. Jones Blvd.
Las Vegas NV 89107
Telephone: (702) 258-8200
Facsimile: (702) 258-8787
E-mail: glw@tblaw.com
Attorney for Defendant
National Default Servicing Corporation

E-filed on August 27, 2012

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRIZA TOROMANOVA,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. et al.,<br><br>    Defendants. | Case No.: 2:12-cv-00328-GMN-CWH |

### NATIONAL DEFAULT SERVICING CORPORATION'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND TO DISMISS CASE

COMES NOW Defendant National Default Servicing Corporation (hereinafter the "Defendant" or "NDSC"), by and through its counsel of record, Gregory L. Wilde, Esq. of Tiffany & Bosco, P.A., and moves the above-captioned Court, pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule IA 4-1, to strike Plaintiff Dimitriza Toromanova's (hereinafter the "Plaintiff") Amended Complaint (hereinafter the "FAC", Doc. #22) and to dismiss this case.

///

///

///

///

This Motion is made and based upon the papers and pleadings on file herein, the Memorandum of Points and Authorities, the attached documents, and any other additional information or oral argument as may be requested by the Court.

DATED this 27th day of August, 2012.

**TIFFANY & BOSCO, P.A.**

/s/ Kevin S. Soderstrom

_____
GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
212 S. Jones Blvd.
Las Vegas NV 89107
Attorney for Defendant
National Default Servicing Corporation

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.**

**LEGAL ARGUMENT**

**A.   THE PLAINTIFF'S AMENDED COMPLAINT DOES NOT COMPLY WITH THE COURT'S ORDER ENTERED JUNE 25, 2012**

This action began with the filing of a complaint (hereinafter the "Complaint") by the Plaintiff on February 10, 2012. (Doc. #1-2). In the Complaint, the Plaintiff asserted causes of action for "Unlawful Taking of Property" (which the Court construed as a cause of action for wrongful foreclosure or statutorily defective foreclosure), "Trespass", "Fraud", and "Civil Racketeer Influenced and Corrupt Organizations Act (R.I.C.O.)". (Doc. #1-2).

On June 25, 2012, the above-entitled Court entered an Order which stated the following:

///

"**IT IS FURTHER ORDERED** that Defendant National Default Servicing Corporation's Joinder to Wells Fargo's Motion to Dismiss (ECF No. 11) is **GRANTED in part and DENIED in part.** Plaintiff's **First and Second Causes of Action** are **DISMISSED with prejudice.** Plaintiff is **GRANTED leave to amend** her **Third and Fourth Causes of Action against NDSC**. Plaintiff shall file the Amended Complaint **by July 18, 2012. Failure to file an Amended Complaint by that date will result in dismissal of this lawsuit.**" (Emphasis in original.) (Doc. #21).

Rather than filing an amended complaint consistent with the Court's Order, the Plaintiff instead filed an amended complaint which is clearly not consistent with the Court's Order. The FAC filed by the Plaintiff on July 18, 2012 asserts causes of action against NDSC for "Fraud in the Inducement", "Slander of Title", "Quiet Title", "Declaratory Relief", and "Per Se Violation of Unfair and Deceptive Trade Practices".[1] (Doc. 22).

Additionally, the Court's June 25, 2012 Order did not allow the Plaintiff to amend her original Complaint to add any additional parties to this case. However, the FAC purports to add three additional defendants to this action, namely World Savings Bank, FSB, National City Mortgage, and Golden West Savings Association Service Co. (Doc. 22).

To the extent that the Plaintiff was dissatisfied with the parameters given by the Court for filing an amended complaint, the Plaintiff ought to have sought leave from the Court with different parameters. The Plaintiff neither sought nor obtained such leave.

///

///

///

///

---

[1] The FAC also asserts numerous claims against Wells Fargo Bank, N.A. and Wachovia Mortgage, FSB, even though their motion to dismiss was granted by the Court without leave to amend. (Doc. #21).

B. **THE PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE STRICKEN PURSUANT TO FRCP 12(f)**

FRCP 12(f) states:

"(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

   (1) on its own; or
   (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

LR IA 4-1 states, in part:

"The court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing *in pro se* who, without just cause:

   …
   (d)   Fails to comply with any order of this court."

The FAC filed by the Plaintiff on July 18, 2012 is clearly not in compliance with the Court's June 25, 2012 Order. Rather, the FAC filed by the Plaintiff is a rogue document and should be stricken. The document constitutes redundant, immaterial, and impertinent pleading which should be stricken pursuant to FRCP 12(f). Clearly, grounds exists for striking the FAC pursuant to either FRCP 12(f) or LR IA 4-1.

Moreover, a court may strike an entire complaint if it is a "nullity" due to a failure to obtain leave to file an amended complaint. *Morris v. Fresno Police Dept'*, 2010 WL 4977626, at *3 (E.D.Cal. Dec. 2, 2010). Although the Plaintiff was given leave to file an amended complaint, she was certainly not given leave to cast aside the parameters set by the Court and file what she actually filed.

///

///

- 4 -

As the deadline (which the Court strongly emphasized)[2] of July 18, 2012 has passed with no compliant amended complaint having been filed, this case should be dismissed in its entirety.

## II.
## CONCLUSION

Based on the foregoing, NDSC requests that its Motion to Strike Plaintiff's First Amended Complaint and to Dismiss Case be granted in its entirety and that the instant case be dismissed insofar as it pertains to NDSC, if not in its entirety.

DATED this 27th day of August, 2012.

**TIFFANY & BOSCO, P.A.**

/s/ Kevin S. Soderstrom
_____
GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
212 S. Jones Blvd.
Las Vegas NV 89107
Attorney for Defendant
National Default Servicing Corporation

---

[2] In its June 25, 2012 Order, the words "by July 18, 2012" appear in bold type and underlined. This, along with the statement that "Failure to file an Amended Complaint by that date will result in dismissal of this lawsuit", which also appears in bold type, strongly suggests that this was a strict deadline for compliance.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2012, I electronically transmitted the above NATIONAL DEFAULT SERVICING CORPORATION'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND TO DISMISS CASE to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

I further certify that on this 27th day of August, 2012, I placed a copy of the above NATIONAL DEFAULT SERVICING CORPORATION'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND TO DISMISS CASE into a sealed envelope and mailed it via regular mail, postage prepaid, addressed to:

Dimitriza Toromanova
2912 Hot Cider Avenue
Las Vegas, NV 89031
Plaintiff in Proper Person

/s/ Amy Grooms
An employee of Tiffany & Bosco, P.A.

TIFFANY & BOSCO, P.A.
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel 258-8200 Fax 258-8787