Dimitriza Toromanova, Plaintiff
P.O.box 19153?
Las Vegas, NV 89132
(702) 467-6972



2012 SEP -7  A 11: 43

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRIZA TOROMANOVA,<br>        Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A., *et al.*,<br>        Defendants. | Case No.: 2:12-cv-00328-GMN-(CWH)<br><br>PLAINTIFF'S "POINTS AND AUTHORITIES IN OPPOSITION" TO MOTION TO DISMISS |

  I received my service copy of "MINUTES OF THE COURT."[1] Under the heading "Motion to Dismiss Fed. R. Civ. P. 12(b)(6)" the court said "the nonmoving party") must file points and authorities in opposition to that motion within fourteen (14) days after service of the motion." I moved the court to extend the time for that opposition due to having been forcibly evicted from my home, and this court extended the due date for this Opposition to "9/7/2012."[2] Therefore, so long as I file and serve this no later than Friday, September 7th, it is timely.

  According to "WELLS FARGO BANK, N.A.'S MOTION TO DISMISS AMENDED COMPLAINT"[3] Defendant(s?) has moved this court to dismiss my "Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6)."[4] As instructed by Judge Navarro I oppose the motion as follows:

---

1  See Docket #25 which the court also called "MINUTE ORDER IN CHAMBERS"
2  Docket #26 and #27
3  Docket #23
4  On PACER @ *Case 2:12-cv-00328-GMN -CWH Document 23 Filed 08/06/12 Page 1 of 11*

Page · PAGE ·1· - "POINTS AND AUTHORITIES IN OPPOSITION"

POINTS

1 Who was this motion made by?

2 About "A. Rule 12(b)(6) Legal Standard"

3 About "B. Toromanova's claims are barred by res judicata."

4 About "C. Toromanova fails to state a claim upon which relief can be granted."

5 About "1. Toromanova lacks standing to challenge the foreclosure as she has failed to tender the amount due on the Note."

6 About "2. As the holder of the Note and beneficiary of the Deed of Trust, Wells Fargo was entitled to foreclose on the Property."

7 About "3. Toromanova's claim for unjust enrichment fails as a matter of law."

AUTHORITIES/DISCUSSION

"1. Who was this motion made by?"

I'm not sure who actually made this motion to dismiss. It opened with (boldface is my added emphasis):

> "**Defendant Wachovia Mortgage**, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") **moves this court** for an order dismissing the plaintiff's, Dimitritza Toromanova ("Toromanova"), Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). **Wells Fargo bases this motion** on the following memorandum of points and authorities, the papers on file with this Court, including the Amended Complaint, any documents incorporated by reference or attached to the Amended Complaint, recorded documents which the Court may take judicial notice of, and any oral argument that this Court may entertain."

I read this as Defendant Wachovia is the party moving the court to dismiss without "the following memorandum of points and authorities," etc. Wells Fargo's role is not clear – is it a co-movant, joint movant, or separate movant? Considering the previously-filed "CERTIFICATE AS TO INTERESTED PARTIES," it may be that Wells Fargo should not even be on the motion.[5]

"2. About "A. Rule 12(b)(6) Legal Standard"

---

[5] Docket #9: "Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A."

Here Defendant(s?) cited some authorities to support their use of this Rule. They seem to question whether or not my Amended Complaint had enough facts in it for them to give this court an answer. If the court in the exercise of sound discretion concludes that to be so, I am willing to submit a new amended complaint to accomplish the justice this court must do in this case.[6]

Addressing "legal standards," nowhere in their motion do Defendant(s?) expressly state the relief this motion seeks. At the end under the heading "V. CONCLUSION" Defendants do make a statement that seems to be more of a summary than a request for relief. However the word "relief" is nowhere near "V. CONCLUSION." The actual word is mentioned only seven times in the motion's ten pages, all in the context of "Toromanova still fails to state a claim upon which relief can be granted."[7] None in a way which actually states "the relief sought."

It is not the role of either the court or me to guess at exactly what relief Defendant(s?) request. FRCP 7(b)(1) provides in its relevant parts (my emphasis added):[8]

> "A request for a court order must be made by motion. **The motion must . . . . . (C) state the relief sought."**

Considering what is at stake I would not venture to guess whether or not the summary statement found in "IV. CONCLUSION" is the actual relief Defendant(s?) seek with this motion. Therefore I submit for this court to conclude this point also in the sound exercise of its discretion.

*Dismissing* "Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6)"

As noted in the last point the motion seeks this court's order to dismiss my

---

6   See FRCP 8(e): "Pleadings must be construed so as to do justice." My research has found no caselaw whatsoever originating with either this court or even the Ninth Circuit on this Rule. *See also Bausch v. Stryker Corp.*, 630 F. 3d 546 (7th Cir. 2010): "One objective of Rule 8 is to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claim or defense."
7   See PACER @ *Case 2:12-cv-00328-GMN -CWH Document 23 Filed 08/06/12 Page 5 of 11*, lines 9-10
8   *See also* Local Rule 7-2

Page · PAGE ·3· - "POINTS AND AUTHORITIES IN OPPOSITION"

amended complaint "with prejudice." Black's Law Dictionary defines "dismissal with prejudice" as "dismissal, usu. **after an adjudication on the merits**, barring the plaintiff from prosecuting any later lawsuit on the same claim."[9]

This gives us the threshold point of how FRCP 12(b)(6) can be applied to my Amended Complaint. This Rule says:

> "HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . . . (6) failure to state a claim upon which relief can be granted. . . . ."

A reading of this Rule shows the word "prejudice" is not mentioned anywhere in it. The threshold question then should be whether or not my Amended Complaint stated "a claim upon which relief can be granted." This Rule's purpose is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery.[10]

I'm aware I may have not provided the court with the most concise, pristine and artful complaints. It's likely I've made some mistakes in how I presented my case to the court. However, dismissing "with prejudice" is not only too harsh a penalty for my inexperience, but may be reversible on appeal for being fundamentally unfair.[11]

I submit Defendant(s?) either misunderstand or ignored the correct legal standard for dismissing *pro se* complaints,[12] which must be in harmony with this court's charge of administering the Federal Rules of Civil Procedure "to secure the **just**, speedy, and inexpensive determination of every action and proceeding."[13]

---

9   Eighth Edition, page 502, my emphasis added
10  *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).
11  Black's Law Dictionary, Eighth Edition, page 697: "fundamental-fairness doctrine. The rule that applies the principles of due process to a judicial proceeding. • The term is commonly considered synonymous with due process."
12  "pro se" is defined in Black's Law Dictionary, Eighth Edition, page 1258 as "on one's own behalf; without a lawyer"
13  See FRCP 1, my emphasis again. See also Black's Law Dictionary defining "just" as "Legally right; lawful; equitable." Eighth Edition, page 880. See also *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000): "The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees. *Cf.* Fed.

A *pro se* complaint should not be "dismissed with prejudice" unless it appears "beyond doubt that the plaintiff can prove [any] set of facts in support of his claim which would entitle him to relief."[14] This seems to be in keeping with the mandate of FRCP 8(e) to construe my Amended Complaint "so as to do justice."[15] Black's Law Dictionary defining "justice" as "The fair and proper administration of laws."[16]

This court must be mindful of the fact in Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987), the Supreme Court "instructed the federal courts to liberally construe the 'inartfull pleading' of pro se litigants." *Eldridge v. Block* provides under its heading III A:

> "In exercising its discretion with regard to the amendment of pleadings, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). This court has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'" *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (citations omitted). Thus "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Webb*, 655 F.2d at 979 (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)).
>
> "This policy is applied even more liberally to pro se litigants. Thus in *Armstrong v. Rushing*, 352 F.2d 836 (9th Cir. 1965), this court established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by

---

Rule Civ. Proc. 1." The Supreme Court went on in *Nelson* at 471 to warn that "the outcome of hypothesized litigation cannot substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated."

14      *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); accord *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007); see also *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (recognizing that modern pleading standards are higher with regard to plausibility but that *pro se* plaintiffs' pleadings should nonetheless be construed liberally)

15      My research has found no caselaw whatsoever originating with the Ninth Circuit on this Rule. See also *Bausch v. Stryker Corp.*, 630 F. 3d 546 (7th Cir. 2010): "One objective of Rule 8 is to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claim or defense. See Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.")."

16      Eighth Edition, page 881

amendment. 352 F.2d at 837 (pro se litigant entitled to procedural protections, including right to amend complaint unless futile); see *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970) (per curiam).

"Courts, in fact, "provide a pro se litigant with notice of the deficiencies in his or her complaint" to ensure that the litigant uses the opportunity to amend effectively. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). While a statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs, district courts must at least draft a few sentences explaining the deficiencies. *Noll*, 809 F.2d at 1448-49."

And under III B:

"The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading" of pro se litigants. *Boag v. MacDougall*, 454 U.S. 364, 365, 70 L. Ed. 2d 551, 102 S. Ct. 700 (1982)(per curiam). "It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'" *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594(1972)); see also *Noll*, 809 F.2d at 1448 ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel."); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("we hold [plaintiff's] pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers."). This rule is particularly important in civil rights cases. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Moreover, before dismissing an action, a court should always be certain that other less drastic alternatives are not available. See *Nevijel*, 651 F.2d at 674."

Under at least the *Eldridge* standard, the Court would be correct in viewing my Amended Complaint and all my pleadings "with the appropriate degree of leniency."

"3. About "B. Toromanova's claims are barred by res judicata."[17]

This seems to be the heart of Defendant(s?) argument:

"Because this Court twice dismissed Toromanova's claims against Wells Fargo, the Court should enter an order dismissing the Amended Complaint as to Wells Fargo as res judicata bars Toromanova's claims."

Its sole supporting authority was found in footnote 35 which appears to have

---

17    PACER @ *Case 2:12-cv-00328-GMN -CWH Document 23 Filed 08/06/12 Page 6 of 11*

Page · PAGE ·6· - "POINTS AND AUTHORITIES IN OPPOSITION"

cited another decision from another judge on this same court. Defendant(s?) failed to explain how another case from this same bench is at all binding as precedent in this matter. Additionally that case cited FRCP 41(b) which Defendant(s?) failed to explain how it applies here, since it/they made their motion under Rule 12.

Getting to the point of its/their "Argument," "res judicata" has no effect on this proceeding as an independent action.[18] Defendant(s?) have failed to consider Rule 12(d)'s recognition of this court's inherent power to entertain this case as an independent action.[19] Fraud upon the court itself can be the basis for an independent action by this court using that inherent authority, which is not limited by Rule 60(b).[20]

An independent action is available to me "to prevent a grave miscarriage of justice."[21] As an independent action this case can be used to address those cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure" from rigid adherence to the doctrine of res judicata.[22]

I am prepared to brief the court as necessary on this point.

"4. About "C. Toromanova fails to state a claim upon which relief can be granted."

Black's Law Dictionary defines a "motion to dismiss" as "[u]nder the Federal Rules of Civil Procedure, . . . A defendant will frequently file a motion to dismiss for failure to state a claim, which is governed by Rule 12(b)(6), claiming that even if all the plaintiff's allegations are true, they would not be legally sufficient to state a claim on which relief might be granted."[23]

I may agree with this narrow point. However, since it was Defendant(s?) who

---

18  Black's Eighth defines "res judicata" as "An issue that has been definitively settled by judicial decision. . . The three essential elements are (1) an earlier decision on the issue, **(2) a final judgment on the merits** . . . . ." Page 1336, my emphasis added.
19  See FRCP 60(d) "OTHER POWERS TO GRANT RELIEF." That powers an action for fraud upon the court
20  FRCP 60(d)(3). In determining whether fraud constitutes fraud on the court, the relevant inquiry is whether it "'harm[ed]' the integrity of the judicial process." *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)
21  United States v. Beggerly, 524 U.S. 38, 47 (1998)
22  Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U. S. 238, 244 (1944)
23  Eighth Edition, page 1039

removed this case to this court, and it is now federal laws, rules and standards which apply. My original state court complaint cannot hope to meet those standards. Overall, due to Defendants' Removal, not mine, the Rules of the Game have changed from state law to federal law.

On the other hand Defendant(s?) have made an argument for why I should seek this court's leave to replace my most recent Amended Complaint with one more compatible with this venue, and which comes closer to the requirements of FRCP 8 and 15.

"5. About "1. Toromanova lacks standing to challenge the foreclosure as she has failed to tender the amount due on the Note."

>Here Defendant(s?) said:[24]
>"To contest the validity of a foreclosure action, the borrower must tender the undisputed amount due and payable to the lender on the secured debt. Notably, the "tender rule" applies to any cause of action regarding irregularities in the sales procedure. Should a defaulted borrower seek equitable judicial relief, the borrower must first "do equity" himself. "The essential requisites of tender are: (1) An unconditional offer to perform, coupled with a manifested ability to carry out the offer; (2) A production of the subject matter of the contract; (3) The property tendered must not be less than what is due; and (4) If greater, there must be no demand for a return of the excess." Importantly, courts enforce the tender rule strictly and have denied relief even when financial hardship prevents a borrower from tendering payment. Here, as set forth in Wells Fargo's prior Motion to Dismiss, Toromanova does not allege that she paid the amount due on her loan, nor does she indicate that she is even willing to do so. Accordingly, Toromanova lacks standing to challenge the foreclosure and the Court should enter an order dismissing Toromanova's Amended Complaint."

All supporting authorities are shown in footnotes 36-41. None are immediately relevant to support dismissal. The threshold point Defendant(s?) seem to wish this court to overlook is this case involves *Nevada* real property, therefore *Nevada state* law determines it.[25] Not California, not Georgia, not this court, not a federal tax court

---

24    PACER @ *Case 2:12-cv-00328-GMN -CWH Document 23 Filed 08/06/12 Page 7 of 11*; footnotes omitted
25    See *Butner v. United States*, 440 U.S. 48, 54 (1979); see also *Ticknor v. Choice Hotels International, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001): "Federal courts are bound by pronouncements of the state's highest court on applicable state law."

involving a California company – *only Nevada*.[26]

Because Defendant(s?) failed to cite any Nevada law or cases on point to support this part of dismissal, this entire section should be disregarded.

> "6. About "2. As the holder of the Note and beneficiary of the Deed of Trust, Wells Fargo was entitled to foreclose on the Property."

Now we're getting to the true point of this matter. Under this heading Defendant(s?) told us my "Amended Complaint . . . continues to rely on the false premise that the Note and/or the Deed of Trust was or were improperly transferred or assigned and, therefore, Wells Fargo did not have a right to foreclose on the Property." The motion went on to allege, without offering any real proof, Wells Fargo had the right to foreclose because it is "Although the original "Lender," World Savings Bank, FSB ("World Savings"), no longer exists," Wells Fargo "As the successor in interest to World Savings, Wells Fargo is the beneficiary entitled to foreclose upon the property." Defendant(s?) then said without proof my "loan never left the originator's hands" and "neither the Note nor the Deed of Trust was ever assigned."[27]

I maintain Defendants have yet to adequately prove it was entitled to foreclose

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U S **$288,000.00**, called "Principal," plus interest, to the order of the Lender The Lender is **WORLD SAVINGS BANK, FSB**, a **FEDERAL SAVINGS BANK,, ITS SUCCESSORS AND/OR ASSIGNEES**, or anyone to whom this Note is transferred

on my home. The Note itself provides:

The plain language of this Note clearly states "or anyone to whom this Note is transferred."[28] If the Note had ever been transferred the transferee may then be the real party in interest to this case.[29] The questions of whether or not the actual, physical

---

26    The motion's footnote 38 cited the lone Nevada case, and it was not at all on point. *NOLM* was about reforming a land sales contract, not foreclosure. The word "tender" does not appear in any form anywhere in the text of that case

27    On PACER @ *Case 2:12-cv-00328-GMN -CWH Document 23 Filed 08/06/12 Page 8 of 11*

28    *See* 10 C.J.S. "Bills and Notes" §32, under "V. Original Parties ...," © 1938

29    NRS 104.3203; *see also* 10 C.J.S. "Bills and Notes" §§ 186-244 "XI Transfer of Instrument," © 1938

Page · PAGE ·9· - "POINTS AND AUTHORITIES IN OPPOSITION"

Note I signed and issued even exists, or whether or not it was ever transferred, remain questions of fact yet to be answered truthfully, under oath, by a person with firsthand knowledge.

I submit the best way to resolve this once and for all is for Defendant(s?) to produce that original for inspection by myself and the court, and to produce that witness.[30] Ultimately the burden is on Defendant(s?) to prove the facts supporting their claims to my home.[31]

Because the Note material here is a negotiable instrument, its enforcement is governed by Nevada's version of the Uniform Commercial Code's Article 3, found in NRS 104.[32] I don't see where Defendants have cited from that law anywhere in their papers submitted so far.[33] Nor have they mentioned the Nevada Supreme Court's controlling decisions in *Pasillas v. Defendant Bank USA*, 127 Nev. Defendant_, 255 P.3d 1281 (2011), or *Leyva v. National Default Servicing Corp.*, 127 Nev. _, 255 P.3d 1275 (2011). *Leyva* would be particularly relevant since it was the same two foreclosers who lost there who are Defendants here.

---

30  *See* FRE 901(a): "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *See also In re Vinhnee*, 336 B.R. 437, 444 (9th Cir. BAP 2005): "the record being proffered must be shown to continue to be an accurate representation of the record that originally was created."

31  *Leyva v. National Default Servicing Corp.* cited *In re Veal*, 450 B.R. 897, 918 (9th Cir. BAP 2011), which gives us in footnote 22: "The burden of showing these factual predicates is on the person attempting to enforce the negotiable instrument." Here, that's Defendant(s?), not me

32  *See Leyva v. National Default Servicing Corp.*, 127 Nev. Defendant_, 255 P.3d 1275 (2011), under the subheading "Mortgage Note": "The proper method of transferring the right to payment under a mortgage note is governed by Article 3 of the Uniform Commercial Code-*Negotiable Instruments, because a mortgage note is a negotiable instrument."

33  Because this case involves real property, state law determines it. *See Butner v. United States*, 440 U.S. 48, 54 (1979); *see also Ticknor v. Choice Hotels International, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001): "Federal courts are bound by pronouncements of the state's highest court on applicable state law."

Page · PAGE ·10· - "POINTS AND AUTHORITIES IN OPPOSITION"

Under Nevada law, a note may be enforced by a holder of the instrument,[34] a person who is in possession of the instrument who has the rights of a holder by subrogation or transfer,[35] or a person who previously had the ability to enforce the note, but it was lost, destroyed, or stolen.[36] And it has long been the law in Nevada where payment of a mortgage or deed of trust securing a negotiable instrument is concerned, the rights of the parties to the instrument "as well as third persons, are governed by rules relating to negotiable paper."[37] This court has pronounced in *In re Lemons & Associates, Inc.*, 67 B.R. 198, 216 (D. Nev. 1986) (my emphasis added in boldface):

> "Although a deed of trust is an interest in real property for some purposes, it is actually a device used to secure payment due under a promissory note, which is personalty. **In order to claim the benefit of the security, a party must first establish his interest in the note itself.** While transfer of an interest in the note conveys the benefit of the security as a matter of law, **the deed of trust alone is of no value without the note it secures.** See Columbia Pacific Mortgage, 20 B.R. at 263? In re Kennedy Mortgage Co., 17 B.R. 957, 965 (Bankr.D. N.J.1982)? Hill v. Favour, 52 Ariz. 561, 84 P.2d 575, 578 (1938)? Giorgi v. Pioneer Title Insurance Co., 85 Nev. 319, 454 P.2d 104 (1969). See also Kransnowiecki, Miller & Ziff, The Kennedy Mortgage Co. Bankruptcy Case? New Light Shed on the Position of Mortgage Warehousing Banks, 56 Am.Bankr.L.J. 325, 333 (1982) (hereinafter cited as New Light). **Since "the debt is the principal thing," with the security merely an accessory,** New Light, supra at 333, **any investor who wishes to claim an interest in the underlying real property as security must first establish his interest in the note** under § 541(d) as outlined above."

This is all relevant here. Judge Navarro's Order on the last motion to dismiss questioned the foreclosure process which took my home, saying it "may not have been proper."[38]

"7. About "3. Toromanova's claim for unjust enrichment fails as a matter of law."

On this point Defendant(s?) used a citation from an authority cited in footnote 52

---

| | |
|---|---|
| 34 | NRS 104.3301; *see also* 104.1201(2)(u) |
| 35 | NRS 104.3301, 3302 |
| 36 | NRS 104.3301, 3309 |
| 37 | *Giorgi v. Pioneer Title Ins. Co.*, 85 Nev. 319, 321, 454 P.2d 104 (1969): |
| 38 | PACER @ *Case 2:12-cv-00328-GMN -CWH Document 21 Filed 06/25/12 Page 7 of 11,* lines 3-4 |

Page · PAGE ·11· - "POINTS AND AUTHORITIES IN OPPOSITION"

which "applies to situations where there is no legal contract." I submit this was a poor choice of authorities on this point. Other authorities explain unjust enrichment exists when a plaintiff confers a benefit on a defendant, who appreciates such benefit, and there is "'acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.'"[39] It is also explained by other authorities as "benefit" in the unjust enrichment context "denotes any form of advantage," and is not confined to retention of money or property.[40]

Therefore, my claim for unjust enrichment does *not* fail "as a matter of law."

## SUMMARY

If this court in the sound exercise of its discretion concludes I have improperly, inappropriately or inartfully brought my claims to the courts' attention, then I hereby remind the court it has the obligation to accept my submissions "however inartfully pleaded."[41] Like the Sacketts I'm doing my best here, and feeling my way through.

I expressly reserve the right to amend or supplement this Opposition if I believe it is needed. I also reserve my right to have the court construe this Opposition according to FRCP 1 and 8(e) and applicable law.

CERTIFICATE OF SERVICE: I certify that on this date I did serve a true copy of this Opposition on Defendants' attorney of record by regular mail.

---

[39] *Unionamerica Mtg. v. McDonald*, 97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981)
[40] *See* Restatement of Restitution § 1 cmt. b (1937); *see also Topaz Mutual Co. v. Marsh*, 108 Nev. 845, 856, 839 P.2d 606, 613 (1992) (citing § 1, cmt. b and noting that postponing foreclosure on a property benefits owner by providing additional time to negotiate a sale and reducing overall debt)
[41] The Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980): "It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are

Submited with all rights reserved on September 7,2012

*without recourse*
*Dimitriza Toromanova*, Plaintiff

---

held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'"

Page · PAGE ·13· - "POINTS AND AUTHORITIES IN OPPOSITION"