1  DAVID J. MERRILL
   Nevada Bar No. 6060
2  MORGAN F. SHAH
   Nevada Bar No. 12490
3  DAVID J. MERRILL, P.C.
   10161 Park Run Drive, Suite 150
4  Las Vegas, Nevada  89145
   Telephone: (702) 566-1935
5  Facsimile: (702) 993-8841
   E-mail: david@djmerrillpc.com
6  Attorneys for WELLS FARGO BANK, N.A.

7

8

9

10

11                        UNITED STATES DISTRICT COURT

12                             DISTRICT OF NEVADA

13  DIMITRITZA TOROMANOVA, an              )
    Individual,                            )
14                                         )  Case No.:  2:12-cv-00328-GMN-(CWH)
                     Plaintiff,            )
15                                         )
            vs.                            )
16                                         )
    WELLS FARGO BANK, N.A.; WACHOVIA       )
17  MORTGAGE, FSB; WORLD SAVINGS           )
    BANK, FSB; NATIONAL CITY               )
18  MORTGAGE; NATIONAL DEFAULT             )
    SERVICING CORP; GOLDEN WEST            )
19  SAVINGS ASSOCIATION SERVICE CO.;       )
    and DOES 1-10, inclusive,              )
20                                         )
                     Defendants.           )
21  _____    )

22          **WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF**
                **MOTION TO DISMISS AMENDED COMPLAINT**
23
                          **I.  INTRODUCTION**
24
                 On August 6, 2012, Defendant Wachovia Mortgage, a division of Wells Fargo Bank,
25
    N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank,
26
    FSB ("Wells Fargo") filed its Motion to Dismiss Amended Complaint (the "Motion") (Doc. 23).
27
    On September 7, 2012, the plaintiff, Dimitritza Toromanova ("Toromanova"), filed her Points
28
    and Authorities in Opposition to Motion to Dismiss (the "Opposition") (Doc. 33).  The Motion

                                          1

1  argues *res judicata* bars Toromanova's claims against Wells Fargo and/or that the amended

2  complaint fails to state a claim upon which relief can be granted.  In her Opposition,

3  Toromanova maintains that *res judicata* does not bar her claims and that the Court should grant

4  her leave to amend her claims if the Court finds they are deficient.[1]  However, because this Court

5  twice dismissed Toromanova's claims against Wells Fargo, *res judicata* bars Toromanova's

6  claims.  Moreover, even if *res judicata* did not bar Toromanova's claims, the Amended

7  Complaint fails to state a claim upon which relief can be granted, and it cannot be saved by

8  amendment.  Accordingly, Wells Fargo respectfully requests that this Court grant its motion to

9  dismiss the Amended Complaint and enter an order dismissing Toromanova's claims with

10  prejudice.

11  ## II.  ARGUMENT

12  ### A.   *Res judicata* **bars Toromanova's claims.**

13  "*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of

14  any claims that were raised or could have been raised in the prior action."[2]  "The doctrine is

15  applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3)

16  identity or privity between parties."[3]  There is an identity of claims where "the two suits arise out

17  of the same transactional nucleus of facts."[4]  Fed. R. Civ. P. 41(b) provides that any dismissal,

18  except for one for lack of jurisdiction, improper venue, or failure to join a party under Fed. R.

19  Civ. P. 19, operates as a final judgment on the merits,[5] and, therefore, "involuntary dismissal

---

[1]      Toromanova also questions who, exactly, brought the Motion and what relief is sought.  Although Wells Fargo believes the answers to Toromanova's questions are clear to the Court, Wells Fargo will clarify these matters for the plaintiff as follows: (1) The Motion was brought by Wachovia Mortgage, a division of Wells Fargo Bank, N.A.  For the sake of ease, the bank refers to itself as "Wells Fargo."  (2) The relief sought in the Motion is an order dismissing the Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

[2]      *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).

[3]      *Id.*

[4]      *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2001).

[5]      *See* F.R.C.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join party under Rule 19—operates as an adjudication on the merits.")

2

1    generally acts as a judgment on the merits for the purposes of *res judicata*."[6]   Accordingly,

2    "dismissal of an action for failure to state a claim under F.R.C.P. 12(b)(6) is a 'judgment on the

3    merits,' and claim preclusion bars a plaintiff from filing another complaint on the same claim for

4    relief."[7]

5            Here, as set forth in the Motion, Toromanova previously filed two separate complaints

6    against Wells Fargo concerning the Property and Wells Fargo's right to foreclose, both of which

7    this Court dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  In its June 25, 2012 Order, this Court

8    specifically held that "the doctrine of claim preclusion bars this action against Wells Fargo and

9    Wachovia Mortgage" because Toromanova's prior complaint related to the foreclosure of the

10   Property.[8]  The Court also dismissed Toromanova's claims against NDSC, but generously

11   granted Toromanova leave to amend two specific causes of action as against NDSC.[9]  In

12   response, Toromanova chose to file a new complaint altogether that includes claims against both

13   NDSC and Wells Fargo.  However, just as before, *res judicata* bars Toromanova's claims against

14   Wells Fargo relating to the Property and the underlying loan.  Therefore, Toromanova fails to

15   state a claim upon which relief can be granted as against Wells Fargo, and the Court should enter

16   an order dismissing Toromanova's Amended Complaint with prejudice.

17          In her Opposition, Toromanova suggests the Court should treat this matter as an

18   independent action for relief from a final judgment or order pursuant to Fed. R. Civ. P. 60(d).

19   Yet, Toromanova fails to provide adequate grounds for the Court to do so.  "Independent actions

20   must . . . be reserved for those cases of injustices which, in certain instances, are deemed

21   sufficiently gross to demand a departure from rigid adherence to the doctrine of *res judicata*."[10]

22
23   ———————————————
     [6]        *See Owens*, 244 F.3d at 714 (quoting *U.S. v. Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997)).

24   [7]        *See In re Coleman*, 2012 WL 603730, *6 (B.A.P. 9th Cir. Feb. 3, 2012) (citing *Stewart v. U.S. Bancorp*,
     297 F.3d 953, 957 (9th Cir. 2001)) (holding plaintiff-debtor's claims alleged in adversary proceeding were barred by
25   *res judicata* where those claims involved the same transaction or nucleus of facts as claims previously dismissed by
     the United States District Court pursuant to Fed. R. Civ. P. 12(b)(6)).

26   [8]        *See* Order (Doc. 21), 5.

27   [9]        *Id.* at 11.

28   [10]       *See U.S. v. Beggerly*, 524 U.S. 38, 46 (1998) (internal quotation marks omitted).

Indeed, "an independent action should be available <u>only</u> to prevent a grave miscarriage of justice."[11]   For example, "an independent action to set aside a judgment for fraud on the court lies in misconduct that harms the integrity of the judicial process."[12]  "Fraud upon the court embraces only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."[13]  Here, Toromanova fails to provide any evidence of fraud upon the court, or any other misconduct, sufficient to support the proposition that "a grave miscarriage of justice" will occur if the Court dismisses her meritless claims against Wells Fargo.[14]  Accordingly, the Court should not treat this matter as an independent action for relief and the Court should dismiss Toromanova's Amended Complaint pursuant to the doctrine of claim preclusion.

### B.   Toromanova fails to state a claim upon which relief can be granted.

#### 1.   Toromanova lacks standing to challenge the foreclosure as she has failed to tender the amount due on the Note.

In her Opposition, Toromanova contends that Wells Fargo's argument that she lacks standing to challenge the foreclosure because she failed to tender the amount due on the Note is unsupported by Nevada law and, therefore, cannot provide grounds for dismissal.  However, the Nevada Supreme Court held in *Collins v. Union Fed. Sav. & Loan Ass'n* that "[a]n action for the tort of wrongful foreclosure will lie if the [borrower] can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the [borrower's] part which would have authorized the foreclosure or exercise of the power of sale."[15]  Furthermore, as set forth in the Motion, a plaintiff who seeks equitable judicial

---

[11]   *Id.* at 47 (emphasis added).

[12]   *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (quoting *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999)).

[13]   *Id.*

[14]   *See generally* Opp.

[15]   99 Nev. 284, 304, 662 P.2d 610, 623 (1983) (citations omitted).

relief must first "do equity" himself.[16]  Therefore, Nevada law supports the proposition that a borrower cannot obtain relief from foreclosure where the lender was authorized to exercise the power of sale under the note and/or deed of trust.

Here, Toromanova admitted in her prior complaint that she stopped making payments due under the Note in 2009, and she does not allege otherwise in her Amended Complaint.[17] Under the Note and the Deed of Trust, failure to "pay the full amount of each regularly scheduled payment on the date it is due" constitutes a breach of duty.[18]  If a breach of duty occurs, Wells Fargo "may exercise the power of sale, take action to have the Property sold under applicable law, and invoke such other remedies as may be permitted under any applicable law."[19] Accordingly, Wells Fargo properly exercised the power of sale and Toromanova lacks standing to challenge the foreclosure.  Therefore, the Court should enter an order dismissing Toromanova's Amended Complaint with prejudice.

### 2. As the holder of the Note and beneficiary of the Deed of Trust, Wells Fargo was entitled to foreclose on the Property.

As set forth in the Motion, World Savings underwent a series of duly noticed and officially acknowledged name changes, via merger, name change or acquisition, to become Wachovia Mortgage, a division of Wells Fargo Bank, N.A.[20]  Therefore, as the successor in interest to World Savings, Wells Fargo is the holder of the Note and the beneficiary of the Deed of Trust entitled to foreclose upon the Property.  Accordingly, Wells Fargo (1) did not misrepresent to Toromanova that it was entitled to exercise the power of sale granted by the

---

[16]    See NOLM, LLC v. County of Clark, 100 P.3d 658, 663 (Nev. 1987).

[17]    See Compl. (Doc. 1-2), ¶ 10; see generally Am. Compl.

[18]    See Deed of Trust (Doc. 1-2 at 17), 13, § 28, attached to the Petition for Removal as Exhibit A.; see also Note (Doc. 5-1), 4, § 7(B), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 1.

[19]    See Deed of Trust at 13, § 28.

[20]    See Mot. at 8:5-14; see also Federal Deposit Insurance Corporation notice and history of World Savings Bank's name change to Wachovia Mortgage (Doc. 5-2), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 2; Official Certification of the Comptroller of the Currency regarding merger (Doc. 5-3), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 3; Charter of Wachovia Mortgage (Doc. 5-4), attached to the Opp. to Mot. for Prelim. Inj. as Exhibit 4.

Deed of Trust,[21] (2) did not intentionally inflict emotional distress on Toromanova by "fraudulently attempting to foreclosure (sic.) on a property in which they have no right, title or interest,"[22] (3) did not commit slander of title by foreclosing on the Property,[23] and (4) did not violate Nevada's Deceptive Trade Practices statutes by foreclosing on the property.[24] Consequently, the Court should dismiss the Amended Complaint with prejudice.

Toromanova maintains in her Opposition that it is incumbent on Wells Fargo to prove that it has the original Note and that neither the Note nor the Deed of Trust were transferred to a third party.[25]  In support, Toromanova cites bankruptcy cases discussing the need for creditors to prove their claims.[26]  However, in the context of a civil suit, it is the plaintiff who bears the burden of alleging, and ultimately proving, facts giving rise to a right of relief.  For example, as set forth above, "[a]n action for the tort of wrongful foreclosure will lie if the [**borrower**] can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the [borrower's] part which would have authorized the foreclosure or exercise of the power of sale."[27]  Therefore, Toromanova's assertion that Wells Fargo bears the burden of proving that it was entitled to enforce the Note is unavailing.  Moreover, as set forth above, judicially noticeable documents provide *prima facie* evidence that Wells Fargo is the holder of the Note and the beneficiary of the Deed of Trust. Accordingly, the Court should enter an order dismissing Toromanova's Amended Complaint with prejudice.

---

[21]     *See* Am. Compl. at ¶ 60.

[22]     *Id.* at ¶ 69.

[23]     *Id.* at ¶ 80.

[24]     *Id.* at ¶ 103.

[25]     *See* Opp. at 10-11.

[26]     *See* Opp. at 11.

[27]     *See Collins*, 99 Nev. at 304, 662 P.2d at 623.

      **3.**      **Toromanova's claim for unjust enrichment fails as a matter of law.**

As set forth in the Motion, "[t]he doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another or should pay for."[28]  However, Toromanova fails to allege facts that, if true, would establish that there was no contract, or that she is entitled to any insurance proceeds Wells Fargo allegedly received.[29]  Therefore, Toromanova's claim for unjust enrichment fails as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court grant its Motion and enter an order dismissing Toromanova's claims with prejudice.[30]

DATED this 17th day of September 2012.

DAVID J. MERRILL, P.C.


By:  _____
DAVID J. MERRILL
MORGAN F. SHAH
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorneys for WELLS FARGO BANK, N.A.

---

[28]    *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,* 113 Nev. 747, 756, 942 P.2d 182, 187 (1997) (quoting 66 Am.Jur. 2d Restitution § 11).

[29]    *See generally* Am. Compl.

[30]    *See Kendall v. Visa USA, Inc.,* 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 17th day of September 2012, service of the foregoing Reply in Support of Motion to Dismiss Amended Complaint was made to all counsel in the action through the Court's CM/ECF system.  In addition, service was made to the plaintiff by placing a copy in the United States Mail, postage prepaid and addressed to the following at her last known address:

Dimitritza Toromanova
P.O. Box 19153
Las Vegas, NV  89132

_____
An employee of David J. Merrill, P.C.