**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DIMITRITZA TOROMANOVA, ) | |
| ) | |
| Plaintiff, ) | Case No.2:12-cv-00328-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| WELLS FARGO BANK, N.A., WACHOVIA ) | |
| MORTGAGE BANK FSB, WORLD SAVINGS ) | |
| BANK, FSB, NATIONAL CITY MORTGAGE, ) | |
| NATIONAL DEFAULT SERVICING CO., ) | |
| GOLDEN WEST SAVINGS ASSOCIATION ) | |
| SERVICE CO., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is a Motion to Dismiss. (ECF No. 23) filed by Defendant Wachovia Mortgage, a division of Wells Fargo Bank N.A., *formerly known as* Wachovia Mortgage, FSB, *formerly known as* World Savings Bank FSB's ("Wells Fargo"). Additionally, before the Court is a Motion to Strike the Amended Complaint (ECF No. 28) and Motion to Dismiss (ECF No. 29) filed by Defendant National Default Servicing Corp.'s ("NDSC"). Pro se Plaintiff Dimitritza Toromanova ("Plaintiff") has opposed each motion. Defendant Wells Fargo has also filed a Notice of Related Case.[1] (ECF No. 35).

**I.    BACKGROUND**

This action arises out of the foreclosure proceedings initiated against the property of Plaintiff Dimitritza Toromanova, who is appearing *pro se*. The facts giving rise to this case are set out more particularly in this Court's prior Order dismissing the Complaint. (ECF No. 21). The facts pertinent to this motion are:

Plaintiff's original Complaint alleged four claims for relief against Defendants:

---

[1] Toromanova v. Wells Fargo Bank, N.A. et al, No: 2:12-cv-1637-LRH-CWH.

(1) unlawful taking of property (wrongful foreclosure); (2) trespass; (3) fraud; and (4) Civil RICO violations.

On June 25, 2012, this Court granted Defendants' Motion to Dismiss as to all Defendants, dismissed all claims against Wells Fargo with prejudice, dismissed claims one and two with prejudice as to all parties, and gave Plaintiff "leave to amend her **Third and Fourth Causes of Action against NDSC**." (Order Grant'g Mot. to Dismiss 11:10-13, ECF No. 21 (emphasis in original).) Plaintiff filed an Amended Complaint on July 18, 2012 alleging six claims for relief: (1) fraud in the inducement; (2) slander of title; (3) quiet title; (4) declaratory relief; (5) unjust enrichment/quasi-contract as to World Savings Bank; and (6) unfair and deceptive trade practices against Wells Fargo, Wachovia, World Savings Bank, National City Mortgage, NDSC, and Golden West Savings Association Service.[2] (Am. Compl. ¶¶ 59-124, ECF No. 22.) Subsequently on January 11, 2013, this Court dismissed Plaintiff's claims against World Savings Bank FSB and National City Mortgage for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m). (ECF No. 38.)

Defendants Wells Fargo and NDSC have moved to dismiss the Amended Complaint with prejudice for failure to state a claim. (ECF Nos. 23, 29.) Alternatively, Defendant NDSC also moves to strike the Amended Complaint. (ECF No. 28.)

## II. MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under

---

[2] Plaintiff includes Golden West Savings Association Service in the caption but does not list Golden West Savings Association Service in the identification of parties. Plaintiff makes no direct allegations against Golden West Savings Association Service except to say it was the original trustee under the Deed of Trust. (ECF No. 22 at ¶ 16). Plaintiff also has not served Golden West Savings Association Service. For these reasons, Golden West Savings Association Service is not a party to this lawsuit.

Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.   Discussion**

As a preliminary matter, the Court notes that Plaintiff's Opposition to NDSC's Motion to Dismiss and Motion to Strike only argues that NDSC has no standing to bring the motions because NDSC had not filed a Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of Practice for the United

States District Court for the District of Nevada.  However, Plaintiff cites no authority supporting this lack of standing argument.  Furthermore, NDSC has since filed a Certificate of Interested Parties. (*See* ECF No. 36.)

Despite Plaintiff's repeated requests to "reserve the right to amend or supplement" the Opposition, the Court finds that Plaintiff was made aware of the arguments and had ample opportunity to address them in the Opposition and failed to do so. Simply by inserting language that she "reserves the right" to amend or supplement does not give free license to do so.  In fact, the Local Rules of Practice for the United States District Court for the District of Nevada provide for only a motion, a response, and a reply. *See* D. Nev. R. 7-2(a)-(c).  No provision is made for supplemental filings. *See id.*; *see also Rule v. Frahm*, No. 2:10-cv-01170-GMN-GWF, 2011 WL 1661464, at *1 (D. Nev. May 3, 2011).  Accordingly, if Plaintiff wished to supplement her response after NDSC filed its Certificate of Interested Parties, she was required to request leave from the Court. *See Rule*, 2011 WL 1661464, at *1 (striking the plaintiff's supplemental responses because he failed to "gain leave of court to file the responses"). Furthermore, "[i]f a Court were to allow a party to file supplemental arguments and evidence whenever they wish it would subvert the local rules that are in place to ensure timely responses." *Id.*  To allow such a result would disrupt this Court's administration of justice.  In light of this, the Court addresses NDSC's arguments on the merits.

As this Court granted Plaintiff leave to amend only the fraud and Civil RICO claims, this Court construes Plaintiff's new additional claims as a request for leave to amend.  As discussed below, the Court finds no good cause to allow Plaintiff to add these new claims and denies the amendment request.   The additional claims would be futile because Plaintiff has repeatedly failed to cure the deficiencies of the Complaint.

### *1.   Plaintiff's Claims against Wells Fargo and Wachovia*

In the prior Order, this Court dismissed all claims against Wells Fargo and Wachovia

Mortgage because the "doctrine of claim preclusion bars this action against" those two defendants. (Order Grant'g Mot. to Dismiss 5, ECF No. 21.)  Plaintiff has filed at least three complaints in this district relating to the foreclosure of the subject property: the instant case, a case dismissed by Judge Pro (2:10-cv-02193-PMP-GWF),[3] and a case recently dismissed by Judge Hicks (2:12-cv-1637-LRH-CWH).

As this Court has explained before, because the claims are based on the "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties," the claims are necessarily barred. (Order Grant'g Mot. to Dismiss 5:7-10 (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).)  Nevertheless, Plaintiff argues that she should be able to present a case against Wells Fargo and Wachovia because "res judicata has no effect on this proceeding as an independent action." (Pl.'s Resp. 7, ECF No. 33 (citations and internal quotation marks omitted).)  To support this argument, Plaintiff relies on "Rule 12(d)'s recognition of this court's inherent power to entertain this case as an independent action." (*Id.*)  In footnotes, Plaintiff also appears to base this argument in Rule 60(d) of the Federal Rules of Civil Procedure. (*Id.* at nn.19-20.)

Plaintiff argues that this Court should depart from rigid adherence to *res judicata* doctrine and "entertain the case as an independent action" to "prevent a grave miscarriage of justice" based on "fraud upon the court." (*Id.* at 7.)  Plaintiff raises this argument but offers no support and instead states she is "prepared to brief the court as necessary on this point." (*Id.*)  However, Plaintiff may not reserve the right to make ripe arguments at a later time.  The proper time to argue points and authorities against a motion is in the Opposition to that motion.  As Plaintiff fails to provide any evidence of fraud upon the court, or any other misconduct, the

---

[3] Plaintiff seemingly argues the dismissal did not trigger *res judicata* as it was not on the merits. However, Plaintiff is mistaken as Judge Pro entered a judgment in favor of Defendants and against Plaintiff.  Moreover, as the time for appeal has passed in that case, there are no grounds to disrupt Judge Pro's Order. No. 2:10-cv-02193-PMP-GWF, ECF No. 21, entered August 17, 2011.

1 Court dismisses the claims with prejudice.

2 For the reasons discussed above, the Court finds no reason to depart from its earlier conclusion, which found that Plaintiff's claims against Wells Fargo and Wachovia are barred by the doctrine of *res judicata*. Accordingly, the Court dismisses Plaintiff's claims against Wells Fargo and Wachovia with prejudice. Plaintiff may not re-assert claims or file any further actions against Defendants Wells Fargo and Wachovia relating to the subject property.[4]

### 2. *Claim 1 - fraud in the inducement*

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.*

In the Court's prior order, the Court gave Plaintiff leave to amend her fraud claim. (Order Grant'g Mot. to Dismiss 8:20-21, ECF No. 21.) However, in her Amended Complaint, Plaintiff has changed that claim from "fraud" to "fraud in the inducement." (Am. Compl. ¶¶ 59-77, ECF No. 22.) Under Nevada law, fraud occurs when a party intentionally makes a false representation to a plaintiff who in turn relies upon that false statement to his detriment. *J.A.*

---

[4] The Court notes that Judge Hicks has already declared Plaintiff a vexatious litigant and permanently enjoined her from the same.

*Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004). Plaintiff's only allegation relating to reliance is that "Defendant's failure to disclose the material terms of the transaction induced Plaintiff to enter the loads (sic) and accept the Services." (ECF No 22. at ¶ 62.) Assuming this as true, the representation would have been made by the loan originator, not NDSC. Thus, the claim is not viable as against NDSC.

Moreover, despite having been given leave to amend this claim with specific instructions to plead with specificity and identify the "who, what, when, where, and how" of the alleged fraud, Plaintiff lumps all Defendants together and does not give Defendants any meaningful opportunity to refute or defend against the claims. Additionally, Plaintiff does not identify who made the misrepresentation, what the misrepresentation was, when or where the misrepresentation was made, and how this induced Plaintiff into reliance. Thus, the claim is insufficiently pled and is dismissed. Moreover, it is dismissed with prejudice for failure to cure deficiencies by amendments previously allowed. Plaintiff may not amend this claim.

### 3. Claim 2 - slander of title

To state a slander of title claim under Nevada law, a plaintiff must allege "false and malicious communications, disparaging to [his] title in land, and causing special damage." *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998).

Plaintiff's second claim alleges that Defendants disparaged her title by preparing and posting the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed. (Am. Compl. ¶ 79, ECF No. 22.) Plaintiff alleges that these actions disparaged her title because at the time of posting, "Defendants had no right, title, or interest in the property." (*Id.* ¶ 80.) Plaintiff's entire argument is premised on alleged failures to "show proper receipt, possession, transfer, negotiations, assignments and ownership of the borrower's original Promissory Note and Deed of Trust resulting in imperfect security interest and claims." (*Id.* ¶ 22.) However, judicially noticed documents show unequivocally that the original lender, World Savings Bank, FSB,

underwent a merger and acquisitions that resulted in Wachovia Mortgage, a division of Wells Fargo Bank, N.A., becoming the beneficiary entitled to foreclose upon the property. (*See* Order Grant'g Mot. to Dismiss 2:3-11, ECF No. 21.) Additionally, judicially noticed documents show that NDSC was the duly substituted trustee. (*Id.* at 2:15-18.) Thus, the documents show proper receipt, possession, transfer, negotiations, assignments and ownership of the Promissory Note and Deed of Trust with Wachovia Mortgage, a division of Wells Fargo Bank, N.A. becoming the beneficiary entitled to foreclose upon the property. Accordingly, there are no "false or malicious communications." Amendment cannot cure the deficiency as Plaintiff cannot assert any facts consistent with the judicially noticed documents to support her claim. The claim fails as a matter of law and accordingly any amendment would be futile. The claim is dismissed with prejudice. Plaintiff may not amend this claim.

### 4. Claim 3 - quiet title

In Nevada, a quiet title action may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00084-KJD-PAL, 2011 WL 4574338, at *3 (D. Nev. Sept. 30, 2011).

Although the Amended Complaint removes the allegation that she stopped making payments on the promissory note, (*compare* Compl. ¶ 10, ECF No. 1-2, *with* Am. Compl., ECF No. 22), Plaintiff has failed to allege that she has paid her debt on the property. Moreover, this claim cannot be asserted against NDSC because they have no interest in the real property. Rather, NDSC acted as Trustee for Wells Fargo, who has already been dismissed with prejudice. Because Plaintiff cannot amend this claim to assert a valid claim against NDSC, the

claim is dismissed with prejudice. Plaintiff may not amend this claim.

### 5. Claim 4 - declaratory relief

Plaintiff's fourth cause of action is not recognized as a cause of action in Nevada. This is a remedy, not a claim. Accordingly, this "cause of action" is dismissed with prejudice.

### 6. Claim 5 - unjust enrichment/quasi-contract as to World Savings Bank

Plaintiff's fifth claim for unjust enrichment or quasi-contract is asserted against Defendant World Savings Bank, FSB only. World Savings Bank FSB has since been dismissed for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m). Accordingly, this claim is also dismissed.

### 7. Claim 6 - unfair and deceptive trade practices

Plaintiff's sixth cause of action asserts violations of NRS Chapters 598 and 598A, Nevada's Deceptive and Unfair Trade Practices statutes. Courts have recognized that the Deceptive Trade Practices act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D.Nev. July 11, 2011) ("N.R.S. § 598 ... applies only to goods and services and not to real estate loan transactions."; *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D.Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM (D.Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure"). Also, Chapter 598A does not relate to real property or recordation of documents associated with real property. Rather, Chapter 598A relates to antitrust and restraints on trade, neither of which are at issue here. Nev. Rev. Stat. 598A.030-060. Therefore, Chapter 598A does not provide Plaintiff with an avenue for relief. Furthermore, amendment cannot cure the claim because it fails as a matter of law. Therefore, this claim is dismissed with prejudice as to

all Defendants.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Wells Fargo Bank N.A.'s Motion to Dismiss (ECF No. 23) is **GRANTED**. **All claims raised against Wells Fargo are dismissed with prejudice.** Judgment shall be entered in favor of Wells Fargo and against Plaintiff.

**IT IS FURTHER ORDERED** that Defendant National Default Servicing Corp.'s Motion to Dismiss (ECF No. 29), is **GRANTED**. **All claims against NDSC are dismissed with prejudice.** Judgment shall be entered in favor of NDSC and against Plaintiff.

**IT IS FURTHER ORDERED** that Defendant National Default Servicing Corp.'s Motion to Strike the Amended Complaint (ECF No. 28), is **DENIED as moot**.

The Clerk of the Court is directed to enter judgment as noted above, and thereafter close this case.

**DATED** this 28th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge