UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA,      ) | |
| ) | Case No.2:12-cv-00328-GMN-CWH |
| Plaintiff,   ) | |
| vs.    ) | **ORDER** |
| ) | **(ECF No. 43 – Defendant's Motion** |
| WELLS FARGO BANK, N.A., et al,   ) | **for Attorney's Fees and Costs)** |
| ) | |
| Defendants.   ) | |
| ) | |

This action arises out of the foreclosure proceedings initiated against the property of Plaintiff Dimitritza Toromanova, who is appearing *pro se*. Pending before the Court is Defendant Wachovia Mortgage, a division of Wells Fargo Bank N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank FSB's ("Wells Fargo") Motion for Attorney's Fees and Costs. (ECF No. 43.) The Court has also considered Plaintiff's Opposition. Defendant did not file a timely reply. For the reasons discussed below, the Motion is GRANTED.

**I.     BACKGROUND**

The facts giving rise to this case are set out more particularly in this Court's prior Order dismissing the Complaint. (ECF No. 21). The facts pertinent to this motion are as follows:

On March 28, 2013, the Court granted Wells Fargo's Motion to Dismiss with prejudice and entered judgment in favor of Wells Fargo and against Ms. Toromanova. Wells Fargo then moved for attorney's fees and costs pursuant to the operative Deed of Trust, which contains an attorney's fees and costs provision in favor of the Lender. The Deed of Trust provides for recovery of reasonable attorneys' fees:

> "If . . . someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court [and] paying reasonable attorneys' fees . . . . I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender."

Similarly paragraph 7(E) of the Note, titled "Payment of Lender's Costs and Expenses," states:

> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

Plaintiff does not dispute that the Deed of Trust provides for recovery of reasonable fees and costs, but instead alleges that Defendants are "strangers" to the note and Deed of Trust and, accordingly, are not entitled to any attorneys' fees or costs.

## II. <u>LEGAL STANDARD</u>

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation based on an evaluation of any other factors articulated in *Kerr v. Screen Extras Guild*, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted). *See also Fischer*, 214 F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). To inform and assist the court in the exercise of its discretion, "[t]he party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

## III.  DISCUSSION

Ms. Toromanova does not dispute the reasonableness of the fees Wells Fargo seeks, but rather alleges Wells Fargo is not entitled to any fees and that this Court has erred in its substantive determinations in this case. To be sure, Ms. Toromanova argues, yet again, that Wells Fargo has not adequately proven it is the "holder" of the note, and therefore, Wells Fargo is not entitled to attorney's fees. Ms. Toromanova criticizes Wells Fargo and this Court for not mentioning *Edelstein v. Bank of New York Mellon*, 286 P.3d 249 (Nev. 2012), *Pasillas v. HSBC Bank USA*, 255 P.3d 1281 (Nev. 2011), or *U.S. Bank Nat. Ass'n v. Ibanez*, 941 N.E.2d 40 (Mass. 2011), in its analysis. Despite having no obligation to do so, for the sake of clarity, the Court now addresses those cases.

First, Ms. Toromanova's interpretation of those cases is patently incorrect. Contrary to Ms. Toromanova's position, *Edelstein* does not stand for the proposition that "any split of the note and deed of trust makes non-judicial foreclosure improper." (ECF No. 55 at 2.) In fact, *Edelstein* explicitly stands for the opposite proposition that, even if split, a note and a deed of trust may be reunited prior to foreclosure and accordingly a bank may be entitled to enforce both the note and deed of trust. *Edelstein*, 286 P.3d at 262. Moreover, *Pasillas* is wholly

inapplicable as it relates to good faith in mediation, and here, Ms. Toromanova chose not to engage in the mediation process at all.  Last, not only is *Ibanez* not binding authority, but it is factually dissimilar from the instant case.  Whereas in *Ibanez post*-foreclosure sale assignments were insufficient to show authority to foreclose, 941 N.E.2d at 54; here Wells Fargo's right to foreclose arose through *pre*-foreclosure mergers and name changes.  Judicially noticed documents demonstrate with certainty that World Savings Bank, the original beneficiary under the deed of trust, changed its name to Wachovia Mortgage and then Wachovia Mortgage merged with Wells Fargo.  Only subsequent to those name changes and mergers did Wells Fargo begin the foreclosure process.  Therefore, contrary to Ms. Toromanova's position, Wells Fargo is not a "stranger" to the note, but rather a valid, legally noticed successor-in-interest.

The Court is also compelled to correct another misconception under which Ms. Toromanova is operating.  Nevada's statute of limitations for property actions is five years.  N.R.S. § 11.070-.080.  However, that does not mean Ms. Toromanova is "free to continue 'bringing actions' to reclaim title to [her] home against any and all adverse claimants until at least August 2017." (ECF No. 55 at 5.)  A statute of limitations sets the maximum deadline before which legal proceedings must be *initiated*.  It does not create an end date, whereby a Plaintiff may continue to bring already adjudicated actions until the running of the date.  Here, Ms. Toromanova has already attempted to litigate this same case no less than three times.[1]  In each instance, the substantive findings have been against her and in favor of Wells Fargo.  Judge Hicks previously declared Plaintiff a vexatious litigant for her behavior. *Toromanova v. Wells Fargo, et al.*, No. 2-12-cv-1637-LRH-CWH, ECF No. 35.  Moreover, recognizing her *pro se* status, the Court has been extremely lenient in its grant of amendments and enforcement of procedural rules.  However, the Court now unequivocally advises Ms. Toromanova that she

---

[1] *Toromanova et al. v. World Savings Bank et al.*, No. 2:10-cv-2193-PMP-GWF; *Toromanova v. Wells Fargo, et al.*, No. 2-12-cv-1637-LRH-CWH; and the instant case.

may not bring any more actions against Wells Fargo relating to the same issue and the same subject property.[2] Her only remaining course of action in this respect is to file an appeal to the Ninth Circuit.

As Ms. Toromanova's objections are unavailing, the Court turns its analysis to the merits of Motion for Attorney's Fees.

### a. Attorney's Fees

Wells Fargo requests reimbursement of attorneys' fees in the amount of $8,964.00, at $300.00 an hour for Partner time and $180.00 an hour for Associate time. Considering the experience, skill, and reputation of the attorneys requesting fees and the prevailing market rates in the forum, the Court finds $300.00 an hour for Partner time and $180.00 for Associate time to be reasonable.

Also, based on the Court's review of the attached documentation showing the itemized description of the legal services performed, the Court finds all hours were reasonably expended and non-duplicative. Thus, the time reasonably spent is:

Partner David Merrill – 9.9 hours

Associate Morgan F. Shah – 33.3 hours

### 1. Lodestar Calculation and *Kerr* Factors

Calculating the reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate," the Court determines the following as the lodestar calculation:

| | | |
|---|---|---|
| Merrill – | 9.9 hours X $300.00/hour | = $ 2,970.00 |
| Shah – | 33.3 hours X $180.00/hour | = $ 5,994.00 |
| Total Reasonable Fee | | = $ 8,964.00 |

---

[2] The Court also notes Judge Hicks has declared Ms. Toromanova a vexatious litigant and permanently enjoined her from filing any further actions against Wells Fargo relating to the subject property. *Toromanova v. Wells Fargo, et al.*, No. 2-12-cv-1637-LRH-CWH, ECF No. 35.

The parties do not argue for or against any adjustment based on the *Kerr* factors. Likewise, this Court's independent review of the provided documentation does not support any adjustment based on those factors.  Thus, the Court declines to adjust the lodestar in this case.

### b. Costs

Wells Fargo seeks $353.50 in taxable costs and $387.07 in non-taxable costs.[3]  Having reviewed the attached documentation and the Bill of Costs, the Court finds these costs to be reasonable and reimbursable.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorney's Fees is **GRANTED**.  The Clerk of the Court is directed to enter judgment in favor of Defendant Wells Fargo and against Plaintiff in the amount of $8,964.00 for attorneys' fees, $353.50 in taxable costs, and $387.07 in non-taxable costs.

**DATED** this 20th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[3] Wells Fargo seeks $353.50 for filing fees, $313.19 for scanning costs, $.80 for Pacer charges, $18.48 for postage, and $54.60 for photocopy charges, all totaling $740.57.