# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA TOROMANOVA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; WORLD SAVINGS BANK, FSB; NATIONAL CITY MORTGAGE; NATIONAL DEFAULT SERVICING CORP; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.; and DOES 1–10, inclusive, <br><br> Defendants. | Case No.: 2:12-cv-00328-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion for Relief from Order and Judgment (ECF No. 60) filed by Plaintiff Dimitritza Toromanova ("Plaintiff"). Defendant Wells Fargo ("Wells Fargo") filed a Response. (ECF No. 61.)

## I.  BACKGROUND

This case arises from a disputed foreclosure. (*See* Notice of Removal, ECF No. 1.) On March 28, 2013, the Court dismissed all of Plaintiff's claims with prejudice for failure to state a claim. (Mar. 28, 2013 Order, ECF No. 39.) Thereafter, the Court granted Wells Fargo's Motion for Attorneys' Fees. (Nov. 20, 2013 Order, ECF No. 58.) Specifically, the Court awarded judgment in favor of Wells Fargo and against Plaintiff in the amount of $8,964.00 for attorneys' fees, $353.50 in taxable costs, and $387.07 in non-taxable costs. (*Id.*) Plaintiff now requests that the Court grant her relief from this Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Mot. for Relief from Order & J., ECF No. 60.) For the reasons

stated below, the Court DENIES Plaintiff's Motion.

## II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

However, a motion made under Rule 60(b) is not a vehicle by which a litigant may raise arguments that the court previously rejected. *See, e.g.*, *Maraziti v. Thorpe*, 52 F.3d 252, 254–55 (9th Cir. 1995) (rejecting Plaintiff's Rule 60(b)(6) challenge because it was nothing more than a "reiteration" of an earlier raised and rejected argument); *Khan v. Gasano*, 194 F. Supp. 2d 1134, 1136 (S. D. Cal. 2001) ("A party cannot have relief under [Rule 59(e) or Rule 60(b)] merely because he or she is unhappy with the judgment.").

## III. DISCUSSION

In this case, Plaintiff asserts that the Court should relieve her of the Court's prior order that required her to pay $8,964.00 in attorneys' fees, $353.50 in taxable costs, and $387.07 in non-taxable costs to Wells Fargo. Specifically, Plaintiff asserts that she is entitled to this relief under Rule 60(b)(3) because the Order was a result of fraud; under Rule 60(b)(4) because the judgment is void; and under Rule 60(b)(6) because there are "other reason[s] that justif[y] relief." However, in reality, Plaintiff's Motion is merely an attempt to re-litigate the claims and arguments that the Court has repeatedly rejected. Thus, Plaintiff has not carried her burden of establishing that she is entitled to the requested relief on any of her stated grounds and her

Motion is DENIED.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Relief from Order and Judgment (ECF No. 60) filed by Plaintiff is **DENIED**

**DATED** this 13th day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge